## CIRCUIT COURT OF THE CITY OF RICHMOND

Joseph Tucker et al.

v.

H. Hudnall Ware, III, et al.

March 14, 1988

Case No. LK-1381-4

By JUDGE RANDALL G. JOHNSON

This medical malpractice action is before the court on various motions and demurrers of the defendants. While different defendants have assigned different names to their pleadings, they all generally raise the same issues and, with certain exceptions stated hereafter, will be treated herein as:

1. Motion to dismiss Count II of the motion for judgment alleging a right of action for personal injury to George Scott Tucker;

2. Motion to dismiss Count III of the motion for judgment alleging a right of action for emotional distress suffered by Joseph and Virginia Tucker; and

3. Motion to reduce the ad damnum.

For purposes of this opinion, the facts need not be recited in any great detail. Briefly stated, the motion for judgment alleges that defendants were negligent in their care and treatment of Virginia Tucker before and after the birth of her son, George Scott Tucker, and in their care and treatment of said infant after his birth. Count I of the motion for judgment seeks $10,000,000 for the wrongful death of George Scott Tucker, the said George

Scott Tucker having died approximately fourteen months after his birth.[1] Count II seeks $10,400,000 in a survival cause of action for George Scott Tucker's personal injuries, loss of earning capacity, pain and suffering, etc. Count III seeks $200,000 for the emotional distress suffered by George's parents, Joseph and Virginia Tucker. For the reasons which follow, the motions to dismiss Count III and to reduce the ad damnum will be granted. The motion to dismiss Count II will be denied.

## 1. *Survival Cause of Action*

As already mentioned, Count II of the motion for judgment seeks to state a right of action for personal injury, and associated losses, to George Scott Tucker, the infant. Specifically, Count II seeks compensation for George Scott Tucker's "severe and permanent injuries; . . . permanent disability and deformity. . . loss of earning capacity. . . great pain of body and mind and mental anguish. . . expensive and painful medical treatment . . . hospitaliz[ation] for approximately one year and . . . depriv[ation] of meaningful enjoyment with his family." In addition, his parents seek to join their claim for medical expenses with the infant's claim for personal injury.[2] Defendants assert that such a right of action cannot be maintained because (1) an action for personal injuries does not survive the death of a decedent; and (2) Va. Code § 8.01-50, which creates a right of action for wrongful death, is the exclusive remedy for the recovery of damages where a plaintiff or potential plaintiff dies of the injury which gives rise to the cause of action.

With regard to the survivability of personal injury actions, it is clear that such actions do survive the death of the injured party. Va. Code § 8.01-25 specifically provides, in pertinent part:

---

[1] Although the date of George Scott Tucker's death is not mentioned in the motion for judgment, it is contained in the notice of claim sent to defendants pursuant to Va. Code Section 8.01-581.2.

[2] See Va. Code Section 8.01-36.

> Every cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive either the death of the person against whom the cause of action is or may be asserted, or the death of the person in whose favor the cause of action existed, or the death of both such persons.

With regard to defendants' second argument, the court agrees that an action for death by wrongful act is the exclusive means of recovery where death results from the injury giving rise to the cause of action. Indeed, a proviso in § 8.01-25 states that "if the cause of action asserted by the decedent in his lifetime was for a personal injury and such decedent dies as a result of the injury complained of with a timely action for damages arising from such injury pending, the action shall be amended in accordance with the provisions of § 8.01-56." Section 8.01-56 deals with actions for death by wrongful act.[3] The fallacy of defendants' argument is that it assumes that George Scott Tucker's death *was* caused by the injuries resulting from defendants' alleged negligence, and which form the basis of the personal injury count. While Count I of the motion for judgment, alleging wrongful death, does allege that George's death resulted from the subject injuries, it is, at this point, merely an allegation. Count II, which does not allege that death ensued from those injuries, is also, at this point, merely an allegation. As plaintiffs correctly point out, a jury may very possibly find that while defendants' negligence caused injury to George Scott Tucker, such injury did not cause his death. Just as possibly, a jury may find that such injury did cause his death. Requiring plaintiffs to elect at this point which count to pursue would, in the court's view, work a severe injustice on plaintiffs. If plaintiffs elect to pursue the wrongful death claim, a jury's finding that death did not result from the subject injuries will

[3] Where no action for damages is pending at the time of decedent's death, a wrongful death action may be brought within two years of such death. Va. Code Section 8.01-244.

defeat any recovery. Likewise, if only the survival action is maintained, a jury's finding that such injury *did* cause George's death will also defeat any recovery unless the action could, at that point, be amended under § 8.01-56, an issue not decided hereby.

In any event, the court believes that Va. Code Section 8.01-281 and Rule 1:4(k) of the Supreme Court Rules, which specifically allow the pleading of "alternative facts and theories of recovery," allow plaintiffs to plead and litigate Counts I and II, at least in the face of a demurrer and motion to dismiss. While defendants seek to draw a distinction between alternative "rights of action" and alternative "theories of Recovery," no authority is cited ·to support such a distinction, and the court has been unable to find any. Of course, plaintiffs may not *recover* under both Counts I *and* II, but to require plaintiffs to relinquish one of those counts prior to the presentation of evidence is, in the court's view, inappropriate. Accordingly, defendants' motion to dismiss Count II will be denied.[4]

## 2. *Parents' Emotional Distress*

Count III of the motion for judgment seeks to recover for the parents' "severe emotional distress in witnessing the negligent acts of the defendants on March 30, 1984, during the birth of George Scott Tucker and the observation of the severely depressed medical and physical condition of their son . . . during the succeeding year." While Virginia generally does not recognize a cause of action for negligent infliction of emotional distress absent physical injury to the person seeking to recover, an exception to that general rule was stated in *Naccash v. Burger,* 223 Va. 406, 290 S.E.2d 825 (1982). In *Naccash,* recovery for emotional distress was allowed to the parents of an infant who was born with Tay-Sachs disease, an invariably fatal disease of the brain and spinal cord. There, defendant's negligence consisted of his failure

---

[4] While two of the motions filed by defendants seek dismissal of Counts I AND II, it is clear from oral argument and the memoranda subsequently filed that it is Count II, the survival action, which defendants actually challenge.

to properly diagnose the disease prior to the infant's birth, and the consequent failure to give the mother the option of having an abortion, the mother testifying that "[t]here is nothing on this earth that would have made me have a baby with Tay-Sachs disease." In allowing recovery for the parents' emotional distress in witnessing their child's worsening condition after birth, the Supreme Court applied traditional tort principles. Specifically, the Court held that plaintiffs had satisfied each of the four elements necessary to establish a cause of action for negligence: (1) the existence of a legal duty; (2) a breach of the duty; (3) a causal connection between the breach of duty and any claimed injury or damages; and (4) the existence of actionable injury, meaning direct, rather than indirect, injury. 223 Va. at 414. Significantly, the direct injury in *Naccash* was not the Tay-Sachs disease itself, nor any of the effects of that disease which the parents unfortunately had to witness. Instead, the direct injury was the deprivation "of the opportunity to accept or reject the continuance of [Mrs. Burger's] pregnancy and the birth of her fatally defective child. . . ." *Id*. No such direct injury is alleged here.

In the case at bar, the only direct injury alleged is the physical injury alleged to have been inflicted on the infant. Unlike *Naccash*, there is no allegation of a deprivation of the opportunity to abort Mrs. Tucker's pregnancy. Thus, any injury to the parents, including emotional distress, is an indirect injury and does not fit within the narrow exception created by *Naccash*. Indeed, to hold otherwise would allow recovery for emotional distress anytime a person witnesses a negligently-inflicted injury to a loved one. For example, a mother who sees her toddler negligently struck by a car is no more a "chance witness" to such conduct, or the consequences of that conduct, than Mr. and Mrs. Tucker were here. *See Naccash, supra* at 416. Nor could such a mother's claim for emotional distress be considered "spurious." *Id*. In short, to rule as plaintiffs suggest here would be to eliminate entirely Virginia's prohibition on causes of action for negligent infliction of emotional distress unaccompanied by physical injury. This court does not believe that the *Naccash* Court intended such a result. Accordingly, Count III must be dismissed.

### 3. *Reduction of the Ad Damnum*

Va. Code § 8.01-581.15 states, in pertinent part:

In any verdict returned against a health care provider in an action for malpractice. . . which is tried by a jury or in any judgment entered against a health care provider in such an action which is tried without a jury, the total amount recoverable for any injury to, or death of, a patient shall not exceed one million dollars.

Needless to say, the constitutionality of this provision has been the subject of extensive debate between the plaintiffs' and defendants' bars, both in this state and in other jurisdictions which have similar "caps." The parties to this action have filed extensive memoranda citing and analyzing the relevant law and the many cases which have been decided on both sides of the issue, and it would serve no useful purpose for this court to re-analyze all of the analyses made by the parties and the cases. In short, this court does not believe that Section 8.01-581.15 violates either the federal or state Constitution. The court also believes that the plain language of the statute that "the total amount recoverable for *any* injury to, *or death* of a patient shall not exceed one million dollars" prevents "stacking" of claims against several defendants in order to exceed the $1,000,000 cap. Accordingly, defendants' motion to reduce the ad damnum will be granted.

### 4. *Other Matters*

In addition to the motions described on pages one and two of this opinion, three of the defendants have filed additional motions to dismiss. Specifically, defendants Pak and West End Anesthesia Group seek dismissal of "each and every allegation of negligence directed to these defendants other than the claim pertaining to an alleged failure to properly intubate and resuscitate the infant. . . ." Similarly, defendant St. Mary's Hospital

seeks dismissal of "each and every allegation of negligence directed to this defendant other than the claims in paragraph 29(i) in plaintiff's Motion for Judgment. . . ." Both motions are based on the assertion that "no other negligence was alleged or described in plaintiff's notice of claim and, therefore, this Court has no jurisdiction over and the statute of limitations has run as to the other allegations contained in the Motion for Judgment." The court has carefully reviewed the notice of claim and the motion for judgment and concludes that the allegations contained in the notice of claim are broad enough to cover each allegation of negligence contained in the motion for judgment. As Judge Michael stated in *Boyd v. Bulala*, C.A. No. 83-0557-A-C (W.D. Va., opinion dated January 10, 1985), the notice requirement of § 8.01-581.2 does "not require minutely detailed descriptions of the allegedly wrongful acts of the health care provider. One must recall that this notice is the *first* step in the complicated process of bringing forward a malpractice action." Accordingly, those motions to dismiss will be denied.