## CIRCUIT COURT OF THE CITY OF RICHMOND

Kendra A. Hobson, etc., et al.

v.

Richmond Memorial Hospital et al.

May 27, 1988

Case No. LM-75-4

By JUDGE RANDALL G. JOHNSON

By an order entered March 3, 1988, the court took under advisement several demurrers and motions of the defendants, and also stayed all discovery initiated by plaintiffs, pending the filing by plaintiffs of a bill of particulars and defendants' filing of their responses. The bill of particulars and defendants' responses have now been filed, and the matters previously taken under advisement are, for the most part, ripe for decision.

The non-discovery matters presently before the court are as follows:

1. Richmond Memorial Hospital's demurrer and motion to sever for misjoinder of plaintiffs;

2. Gaspar's and Westwood Anesthesia Associates, Inc.'s demurrer and motion to dismiss; and

3. Jones's and Jones, Ltd.'s demurrer and motion to dismiss.

Although several of defendants' demurrers and motions are based on the same grounds and involve identical issues, they will each be taken up separately for sake of clarity.

## 1. *Richmond Memorial Hospital's Demurrer and Motion to Sever*

Defendant Richmond Memorial's demurrer challenges Count II of the motion for judgment which seeks to set out a cause of action for defendants' failure to obtain the informed consent of Michael and Marcita Hobson with regard to matters pertaining to the birth of their twins on December 23, 1985. Specifically, plaintiffs allege that defendants failed to inform the Hobsons of the signs and symptoms of impending labor and delivery, the inadequacy of staffing and equipment for the delivery and resuscitation of High Risk twins, and the risks of delivering their twins at a hospital which did not have specialized facilities for the delivery and resuscitation of High Risk twins. Plaintiffs further allege that had they been properly advised of the risks involved, Mrs. Hobson would not have remained at Richmond Memorial Hospital for the delivery. The Hospital argues that these allegations are insufficient to state a cause of action under Virginia law. The court does not agree.

In *Bly v. Rhoads*, 216 Va. 645, 222 S.E.2d 783 (1976), the Supreme Court reaffirmed its earlier holding in *Hunter v. Burroughs*, 123 Va. 113, 96 S.E. 360 (1918), that a physician has a duty in the exercise of ordinary care to warn a patient of possible bad consequences of medical treatment. 216 Va. at 648. While the court went on to hold that a failure to warn is not *per se* an act of negligence, it is clear that where a patient properly proves the extent of the duty to warn and a breach of that duty, he or she may recover provable damages resulting therefrom. *Id.* Thus, the allegations of Count II of the motion for judgment, which at this stage must be taken as true, are sufficient to survive the Hospital's demurrer. *See also Dietze v. King*, 184 F. Supp. 944 (E.D. Va. 1960).

Turning now to the Hospital's motion to sever, it is the Hospital's position that plaintiffs have improperly joined the infant's claim for personal injury with the parents' claims for loss of services, loss of earnings and capacity to earn money, loss of society and companion-

ship, and severe emotional distress.[1] While the Hospital seeks only to sever the parents' claims, defendants William C. Jones, M.D., William C. Jones, M.D., Ltd., Patrick Sunderraj Gaspar, M.D., and Westwood Anesthesia Associates, Inc., ask that such claims be dismissed for failure to state a cause of action for the parents. Because the latter motions, though seeking a different remedy, involve the same issues, they will be considered together with the Hospital's motion at this time.

With regard to the parents' claim for severe emotional distress, this court recently held that the Supreme Court's holding in *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982), created a very narrow exception to the general rule prohibiting parents from recovering damages for their own emotional distress resulting from negligent injury to their child. *See Joseph Tucker, et al. v. H. Hudnall Ware, III, M.D., et al.*, 10 Va. Cir. 454 (1988). On the facts pled, the case at bar appears to fall within that exception.

In *Naccash*, the Court held that in order for the parents of an infant to recover damages for their own emotional distress resulting from negligent injury to the infant, four elements must be shown. First, there must be a legal duty owed to the parents. Second, there must be a breach of that duty. Third, there must exist a causal connection between the breach of duty and any claimed injury or damage. And fourth, there must be an actionable injury, meaning direct, rather than indirect, injury. 223 Va. at 406.

Applying the above principles here, the court feels that Count II of the motion for judgment, as amplified by the bill of particulars, is sufficient to survive the demurrers and motions of Richmond Memorial Hospital, Dr. Jones, and Dr. Jones, Ltd. Plaintiffs' allegations are not sufficient to survive the demurrer and motion to dismiss filed by Dr. Gaspar and Westwood Anesthesia Associates.

---

[1] The Hospital acknowledges that Va. Code Section 8.01-36 allows the parents to join their claim for medical expense incurred on behalf of the infant with the infant's action for personal injuries, and the Hospital does not seek to sever that claim.

Count II of the motion for judgment alleges that defendants had a legal duty to warn Mr. and Mrs. Hobson of the peculiar risks involved in delivering High Risk twins, thus satisfying the first element of *Naccash*. The bill of particulars alleges that Richmond Memorial Hospital and Dr. Jones breached that duty, thereby meeting *Naccash's* second test. The third element of *Naccash* is met by plaintiffs' allegation that the failure to properly warn them of the risks involved caused the injury; that is, that the Hobsons would have sought an alternative, better-equipped facility had the risks been known to them. And finally, the fourth element of *Naccash*, a direct rather than in direct injury, is satisfied since defendants' failure to warn the Hobsons deprived them "of the opportunity to accept or reject" continued treatment at Richmond Memorial Hospital.[2] Accordingly, the parents' claims survive, at this point, the challenges of the Hospital, Dr. Jones, and Dr. Jones, Ltd.

On the other hand the allegations concerning Dr. Gaspar, as amplified by the bill of particulars, fail to state that he breached a duty to warn the Hobsons of the risks involved with High Risk twins. Thus, the second element of *Naccash* is absent, and Dr. Gaspar and Westwood Anesthesia Associates, which is only vicariously liable, cannot be held liable for the parents' emotional distress.

With regard to whether the infant's claim should be tried with the parents' claim for emotional distress, as well as the other claims of the parents, except their claim for medical expenses incurred on behalf of the infant (*see* n. 1 *supra*), the court agrees with defendants that such claims are more appropriately the subject of a separate action brought solely by the parents. Thus, while Virginia law does recognize a parent's claim for loss of services and loss of earnings of an unemancipated infant (*see, e.g., Moses v. Akers*, 203 Va. 130, 132, 122 S.E.2d 864 (1961)), the court is of the opinion that based on the

---

[2] See *Naccash*, in which the Court recognized the parents' cause of action where defendant's improper diagnoses of the fetus' condition deprived the parents of "the opportunity to accept or reject the continuance of [the mother's] pregnancy and the birth of her fatally defective child." 223 Va. at 406.

facts of this case, such claims should be tried in a separate action. Accordingly, those claims will be severed from the claims of the infant and the parents' claim for medical expenses incurred on the infant's behalf.

### 2. Dr. Gaspar's and Westwood Anesthesia's Demurrer and Motion to Dismiss

The first and third grounds of the demurrer filed by Dr. Gaspar and Westwood Anesthesia Associates, Inc., have already been addressed. Specifically, the first ground deals with the claims of the parents, and the third ground deals with defendants' alleged failure to obtain informed consent. The second ground of these defendants' demurrer is based on Va. Code § 8.01-581.15, which places a "cap" of $1,000,000 on recoveries in malpractice actions against medical providers. Plaintiffs here seek damages of $10,000,000 each.

In *Tucker v. Ware, supra*, this court ruled that the statutory cap is constitutional and that the statute also prohibits "stacking" of claims; that is, the *total* recovery may not exceed $1,000,000 *per injury*. Accordingly, the *ad damnum* must be reduced as it pertains to Richmond Memorial Hospital and Drs. Cane, Jones, Boone, and Gaspar. With regard to the other defendants, William C. Jones, M.D., Ltd., James H. Cane, M.D., and Dianne L. Cane, M.D., P.C., and Westwood Anesthesia Associates, Inc., the court does not have before it sufficient information on which to decide whether they are "health care providers" under Va. Code § 8.01-581.1, and thus entitled to the protection of the cap. In this regard, the parties should read this court's decision in *Gerhard R. Gressman, etc. v. Peoples Service Drug Stores, Inc.*, 10 Va. Cir. 397 (1988), particularly pages 3-8 thereof. The parties may then submit additional motions as they deem appropriate.

Dr. Gaspar's and Westwood Anesthesia's motion to dismiss is also partially based on plaintiff's attempt to join the parents' claims with that of the infant. In addition, these defendants also challenge the propriety of *both* parents being listed as next friends of the infant. While there is apparently no law in Virginia on whether an infant may sue by more than one next friend, the court is unable to locate any case or statute which has ever

referred to next friends. Moreover, the court can think of no good reason why more than one next friend is required to prosecute the infant's claim. Accordingly, plaintiffs will be required to elect which parent will serve as the infant's next friend during the remaining stages of this action, and such election shall be made within ten days of the date of this opinion and accompanying order.

### 3. Dr. Jones's and Jones, P.C.'s Demurrer, Motion to Dismiss and Special Plea

Finally, Dr. Jones and William C. Jones, M.D., Ltd., have filed a demurrer, motion to dismiss, and special plea. Each of the issues raised by these defendants has already been addressed, however, and no further comment need be made here.

### 4. Discovery Motions

In its order of March 3, 1988, the court stayed all discovery requests and motions initiated by plaintiffs. That stay will now be lifted. In light of the bill of particulars which has better defined the issues pertaining to each defendant, however, as well as the rulings made herein, the court believes it is inappropriate to rule on any defendant's objections to those requests until the parties have an opportunity to review the requests and objections in light of the bill of particulars, responses thereto, and this opinion. Accordingly, the court will treat all of plaintiff's outstanding discovery requests as having been served on the respective defendants on the date hereof, and defendants shall have twenty-one days from today in which to file their responses and/or objections to such requests. If the parties are unable to resolve any objections to such requests, a hearing should be scheduled in the usual manner.