## CIRCUIT COURT OF FAIRFAX COUNTY

Peterson et al.

v.

Fairfax Hospital
Systems, Inc.

### Case No. (Law) 94146

By JUDGE MICHAEL P. McWEENY

May 1, 1990

This matter comes before the Court upon plaintiff's Motion to Compel Production of Documents and to Answer Interrogatories. Specifically, plaintiff seeks certain incident reports and materials produced from an investigation conducted by the defendant. Following oral argument and the filing of briefs by counsel, the Court took the matter under advisement.

This cause of action arises from an incident in which the plaintiff is alleged to have received an unauthorized dose of insulin while a patient in the Neonatal

Unit at Fairfax Hospital. In denying all liability, the defendant Hospital claims the unauthorized act was committed by an unknown interloper with criminal intent. As a result of this incident, Hospital personnel conducted an internal investigation in addition to providing information during a criminal investigation by Fairfax police. Plaintiffs represent they cannot challenge the Hospital's theory denying liability without access to the material generated by the internal investigation. Defendant claims this information is protected from discovery under three classifications: (a) statutory privilege, (b) attorney-client privilege, and (c) attorney work-product.

The general scope of discovery under the Rules of the Supreme Court of Virginia permits parties to obtain discovery regarding any relevant matter not privileged or otherwise limited by the Court. Rule 4:1(b)(1). Under Va. Code § 8.01-581.17, written and oral communication originating from or provided to any medical staff committee is privileged, subject to a disclosure order by the Court for good cause shown. Oral argument was presented on this issue and, taking into consideration the circumstances of the injury underlying this cause of action and the theory of defendant's exculpatory claim, the Court is of the opinion that "good cause" has been established to require disclosure in accord with statutory procedure.

Defendant further claims that because the material generated by the Hospital Committee was produced under the direction and control of an attorney, it is within the scope of the attorney-client privilege. In the Court's opinion, the material is not privileged. It is axiomatic that the attorney-client privilege will apply to confidential statements made during an attorney-client relationship for purposes of seeking legal advice or assistance. On the facts before the Court, it is undisputed that the general counsel for the Hospital did not assume control over the investigation until three days *after* it had been initiated. Defendant has represented to the Court that the Hospital "promptly initiated the internal investigation . . . by conducting interviews with the involved personnel and compiling data for quality assurance purposes." In addition, much of the information developed was in conjunction with or disclosed to third parties and, thus, any privilege which might have been asserted is waived.

Although not privileged, the Court is of the opinion that the information collected during the investigation is part of the attorney's work product. The work product doctrine protects an attorney from opening his files for inspection by an opposing attorney. The doctrine is not absolute, however, and discovery will be permitted upon a showing of necessity greater than the normal requirement for good cause. *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947).

Section 4:1(b)(3) of the Rules of the Court permits discovery of this type of "work-product" material prepared in anticipation of litigation or trial under explicit terms. The tests are: relevancy, whether the party seeking discovery can show a substantial need *and* that the substantial equivalent of the material cannot be obtained through other means without undue hardship. Although plaintiffs have deposed Hospital personnel, prior discovery before the panel failed to produce any significant information concerning the alleged criminal interloper. In order to pursue this line of inquiry, the plaintiff must have the guidance that the material requested would provide, and there appears to be no other available source. Upon the oral arguments and briefs of counsel, the Court finds the requisite showing for response under Rule 4:1(b)(3) has been made despite the attorney work-product doctrine.

The theories set forth above require disclosure where *no other source is available.* They do not automatically open all Hospital files to the plaintiff. Upon review of the specific discovery requests in question, the Court rules that defendant will provide full and complete answers to Interrogatory 23; compliance with Interrogatories 11, 13, 20, 21, and Document Request No. 10 is limited to Matthew Peterson only. Interrogatories 12, 22, 24, 25, 26 and Document Requests 5, 8, 9, 12, 13 are denied; Request No. 7 is overbroad. Finally, the Court denies without comment the Motion for Sanctions.

September 17, 1990

This case is before the Court upon defendant's Motion to Dismiss and plaintiffs' Motion to Amend. After oral argument on September 14, 1990, the Court took these matters under advisement.

The Court has now had the opportunity to review the authorities submitted by both counsel and the proposed Amended Motion for Judgment. Until such time as the case has been dismissed from the docket, the Court retains jurisdiction to entertain a motion for leave to amend. *Bibber v. McCreary*, 194 Va. 394 (1952). Although no amendment was filed within the time set by the June 15, 1990, Order, the proposed Motion for Judgment seeks only to clarify the two Counts to which the original demurrer was overruled, while setting forth the damages which are claimed in each. (The original Count X was never a "cause of action.")

The Motion to Amend is granted, and the Motion to Dismiss is denied.

### November 8, 1990

This matter comes before the Court upon defendant's Motion to Dismiss for Misjoinder of the Parties and upon their Demurrer to Count II of the Amended Motion for Judgment.

### I. *Misjoinder of the Parties*

There are two issues raised by the Motion to Dismiss: (1) whether there has, in fact, been a misjoinder of the parties; and (2) whether the dismissal of the Amended Motion for Judgment is the appropriate remedy for misjoinder.

An action by an infant for personal injuries and an action by the parents for the expenses of curing or attempting to cure the infant are two separate causes of action. *See* Va. Code § 8.01-36. By statute, these may be joined together in the child's action, although there must be separate verdicts. Va. Code § 8.01-36. Although the parents' cause of action for emotional distress *is* wholly derivative of the child's action for personal injury, *see Bulala v. Boyd*, 239 Va. 218, 230 (1990), this action also must be considered a separate cause of action from the child's. Since there is no corresponding statute to § 8.01-36 for the emotional distress claim, the action should be brought solely by the parents. *See Hobson v. Richmond Memorial Hospital*, 12 Va. Cir. 254, 257 (1988).

Although it is the Court's conclusion that there is a misjoinder in this case, the dismissal of an action due to misjoinder is inappropriate. *See* Va. Code § 8.01-5. Therefore, the Court denies the defendant's Motion to Dismiss for Misjoinder of the Parties.

## II. *Demurrer to Count II*

The defendants demur to Count II on two grounds: First, there is no allegation that Fairfax Hospital System specifically intended its conduct to inflict emotional distress upon the Peterson plaintiffs, or that Fairfax Hospital System knew or should have known that its conduct would cause emotional distress. Second, there are insufficient facts alleged to support claims for punitive damages.

The demurrer is overruled as to the first issue raised. To support a cause of action for intentional infliction of emotional distress, the plaintiffs must allege a specific purpose of inflicting emotional distress upon the plaintiffs or that the defendants intended its conduct and knew or should have known that emotional distress would likely result. *Ely v. Whitlock*, 238 Va. 670, 677 (1989), citing *Womack v. Eldridge*, 215 Va. 338, 342 (1974); *Ruth v. Fletcher*, 237 Va. 366, 373 (1989). In paragraph 37, plaintiffs have sufficiently alleged that Fairfax Hospital System "intended" its conduct, i.e., to conceal from the plaintiffs the information as to the incident involving the child. It can also be reasonably inferred from the facts alleged that Fairfax Hospital System knew or should have known that their actions would cause the Petersons emotional distress.

A demurrer does not reach the merits of a claim but merely tests the sufficiency of the pleading. It admits the truth of all material facts that are properly pleaded. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985). This includes facts expressly alleged and facts which may be fairly and justly inferred from the facts alleged. *Ames v. American National Bank*, 163 Va. 1, 37 (1934); *see also Lyons v. Grether*, 218 Va. 630, 631 (1977). These are sufficient allegations of intent and knowledge for the purposes of demurrer.

The demurrer is also overruled as to the claim for punitive damages. Negligence which is so willful or wanton

as to evince a conscious disregard of the rights of others, as well as malicious conduct, will support an award of damages in a personal injury case. *Booth v. Robertson*, 236 Va. 269, 273 (1988). In paragraph 36 and 37 of the Amended Motion for Judgment, plaintiffs allege that Fairfax Hospital System had a duty to fully inform the parents and that Fairfax Hospital System willfully and intentionally concealed and failed to disclose such information as they had to the parents. In paragraph 18, plaintiffs allege a "deliberate" pattern of withholding information, contrary to the duties owed to the parents. In paragraph 21, it is alleged that Fairfax Hospital System's actions were willful and malicious or evidenced by a deliberate and wanton disregard for the rights of the plaintiffs. Based on these pleadings, plaintiffs have sufficiently alleged facts which support submitting the claim for punitive damages to a jury.