# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Virginia Railway and Power Company v. Sarah A. Deaton.

March 17, 1927.

1. CARRIERS—*Action for Assault and Insult—Duty of Carrier to Passenger—Separation of White and Colored Passengers—Instruction—Case at Bar.*—The instant case was an action by a passenger against a carrier for alleged assault and insult. The court instructed the jury that if they believed the plaintiff was of the white race and that she became a passenger on the street car of defendant and seated herself in that portion of the car designated or used by white passengers, then the defendant owed not only the duty to carry plaintiff safely, but to treat her courteously and that the conductor had no right to impute to the plaintiff that she was a person of the colored race unless in good faith he believed her to be of such race. Defendant contended that the instruction was erroneous because it omitted to state that in order to render defendant liable the acts complained of should have been done "wilfully and maliciously" and further that there was no evidence on which to base any instruction for the plaintiff.

   *Held:* That considering the case as on a demurrer to the evidence, the plaintiff had a right to have the jury told the duty which the defendant owed her as a passenger and that was all the instruction complained of did.

2. CARRIERS—*Duty of Carrier to Passenger—Duty to Carry Safely and Respectfully.*—The carrier's duty is to carry his passenger safely and properly and respectfully, and if he entrusts this duty to his servants the law holds the carrier responsible for the manner in which it executes the trust.

3. MASTER AND SERVANT—*Agency—Liability of Master for Acts of Servant—Damages—Exemplary Damages.*—A master is liable, to the extent of actual or compensatory damages, for the unlawful act of an agent committed in the course of his employment, whether the act be ratified or not; but in order to recover exemplary or punitive damages, the burden is upon the plaintiff to show that such act was either previoulsy authorized or subsequently ratified.

4. APPEAL AND ERROR—*Instructions—Evidence Upon which to Base Instruction.*—It is error to give an instruction unless there is evidence upon which to base it.

5. MASTER AND SERVANT—*Liability of Master—Exemplary Damages—Ratification of Acts of Servant—Claim Agent of Railroad.*—The instant case was an action by a passenger against a carrier for alleged assault and insult. The court instructed the jury that they might give plaintiff exemplary damages if the acts of defendant's servant complained of were ratified by the defendant. The claim agent of defendant testified that he was unaware of the occurrence until same was called to his attention by counsel for the plaintiff; and that after a full investigation, he declined to recommend an adjustment of plaintiff's claim. There was nothing to indicate that the claim agent was vested with power to discipline the employees of the defendant or to ratify their wilful or malicious acts, and even if he possessed such power, the evidence failed to demonstrate that he exercised it in the instant case.

   *Held:* That the evidence of ratification was not sufficient to support the instruction in regard to exemplary damages.

6. APPEAL AND ERROR—*Instructions—Evidence to Support Instruction—Carriers—Exemplary Damages—Case at Bar.*—The instant case was an action by a passenger against a carrier for alleged assault and insult. The court instructed the jury that if the defendant had knowledge of the acts of its servants and ratified them, the jury might find punitive damages against the defendant. There was no evidence of ratification by carrier of the acts of its employees.

   *Held:* That the instruction constituted reversible error where the appellate court was unable to say that it could not have influenced the jury.

7. CARRIERS—*Separation of White and Colored Passengers—Section 3980 of the Code of 1919 Mandatory—Case at Bar.*—Section 3980 of the Code of 1919, in conjunction with section 3975, provides that there shall be a complete separation of white and colored passengers upon all urban, interurban and suburban electric railways, and that the conductor or other person in charge of an electric street car shall have the right to require any passenger to change his or her seat as often as it may be necessary or proper.

   *Held:* That as section 3980 imposes upon the motorman the mandatory duty of separating the races, it was applicable to the instant case, an action by a passenger against a carrier for alleged assault and insult in attempting to remove her from the section reserved for white passengers to that reserved for colored passengers; and that there could be no recovery unless there was an abuse of discretion by the motorman.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in a proceeding by

motion for judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*T. Justin Moore, Venable, Miller, Pilcher & Parsons* and *R. E. Miller,* for the plaintiff in error.

*S. M. Brandt* and *Moses Ehrenworth,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This was a proceeding by notice of motion for a judgment brought by Sarah A. Deaton, plaintiff, against the Virginia Railway and Power Company, a public service corporation, defendant, to recover damages for an alleged insult offered and an alleged assault and battery committed upon the plaintiff by an employee of the defendant.

There was a trial by jury, a verdict in favor of the plaintiff in the sum of $750, upon which verdict the trial court entered judgment; whereupon, the defendant petitioned for a writ of error which was awarded.

The notice of motion alleges that on the 27th day of July, 1924, the operator of a certain street car in the city of Norfolk, upon which the plaintiff was riding as a passenger, did wilfully and maliciously insult her by calling her a negro, and did assault her by placing his hand upon her in an attempt to remove her to the rear of the said street car, where, by the statute of Virginia, all negroes are required to be seated. The notice also alleged that the defendant ratified the acts of its employee.

The record discloses that on the day mentioned in

the notice, the plaintiff, a lady seventy-two years of age, and a resident of the city of Norfolk for a period of thirty-six years, boarded a one man street car of the defendant, to be conveyed from a point on Redgate avenue to a point on Granby street; that, after placing her fare in the box, she seated herself in the third seat from the front, on the right hand side; that, after she had become seated, a lady sitting in the front part of the car said something to the operator of the car; whereupon, the operator looked back, stopped the car at the succeeding street corner and came back to where she was sitting, put his hand upon her left shoulder and told her to take a seat in the rear.

There was but one witness introduced to sustain the allegations of the notice of motion in regard to the main occurrence, and that was the plaintiff herself. She testified that the operator spoke to her in a "rough" tone of voice and told her to move back with the rest of the negroes; that he was abrupt in his manner, putting his hand on her shoulder; that she was very much humiliated and embarrassed; that, after leaving the car, she went to Sunday school, where she cried for about half an hour; that she telephoned her daughter of the incident; that the car was filled with white and colored people whom she did not know; that the conductor did not indicate that there was any doubt in his mind whether or not she was white or colored; that she told him she was white; that the operator "never opened his mouth to me after he told me to move my seat back."

Dr. M. P. Doyle testified that he had treated plaintiff for high blood pressure prior to the occurrence and that he was of the opinion that her blood pressure had been aggravated by the incident.

Testifying on behalf of the defendant, the operator

stated that a woman passenger came to him and complained that a negro woman was sitting in the space reserved for white passengers; that he looked back, saw the plaintiff, who is dark "complected," and under the honest belief that she was a member of the negro race and the person of whom complaint was made, he stopped the car, went to her and asked her to move to the rear; that she disclosed to him her true race and he thereupon discontinued his effort to remove her; that he did not speak in a loud tone of voice; that, later, two male relatives of plaintiff boarded the car and asked him why he had insulted their grandmother; that he told them he had made a mistake and offered his apologies.

[1] The first assignment of error is because the trial court, on motion of the plaintiff, instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff in this case is of the white race, and they further believe from the evidence that she became a passenger on the street car of the defendant and seated herself in said car in that portion of the car designated or used by white passengers, then the company, through its servant, agents and employees, owed her not only the duty to carry her safely to the point of her destination, but to treat her courteously while she was riding as a passenger upon said car; and they are further instructed that the conductor had no right to impute to the plaintiff that she was a person of the colored race unless in good faith he believed her to be of such race."

It is the contention of the defendant that the notice of motion having charged that the acts complained of were committed wilfully and maliciously, the instruction, with these elements omitted, is incomplete and

erroneous. While the omission of the words "wilfully and maliciously" from the instruction constitutes the apparent objection, the real objection is that there was no evidence upon which to base any instruction for the plaintiff.

Considering the case as on a demurrer to the evidence, we are unwilling to concur in this contention. The plaintiff had the right to have the jury told the duty which the defendant owed to her as a passenger upon its street car. This, in our opinion, is all that the instruction complained of does.

[2] In *R. F. & P. Ry. Co.* v. *Ashby*, 79 Va. 130, 52 Am. Rep. 620, it is said: "The carrier's duty is to carry his passenger safely and properly and respectfully, and if he entrusts this duty to his servants the law holds the carrier responsible for the manner in which they execute the trust."

In *Southern Ry. Co.* v. *Grubb,* 115 Va. 876, 80 S. E. 749, and *Virginia Ry. & P. Co.* v. *McDemmick*, 117 Va. 862, 86 S. E. 744, the relationship between carrier and passenger is defined and the principle stated in the instruction is approved.

There is no merit in the first assignment of error.

It is also assigned as error that the court erred in giving to the jury an instruction which is as follows:

"The court instructs the jury that if they should find for the plaintiff, they may take into consideration the mental suffering and physical pain, if any, which the plaintiff may have sustained and the humiliation and embarrassment suffered by the plaintiff and if the jury believe from the evidence that the defendant's servant acted as alleged in the notice of motion filed herein and such acts were done in a reckless manner, or in utter disregard of the rights of the plaintiff, and if the jury further believe from the evidence that the defend-

ant company had knowledge of such acts, if any, and ratified the same, expressly or impliedly, then the jury may add, in addition, damages to the plaintiff against the defendant by way of punishment, as a warning to the defendant and others, to prevent them from committing like offenses in the future."

The chief complaint made of this instruction is that there is no evidence of any ratification of the acts of the employee by the defendant company, and, hence, it was error to tell the jury they could award punitive damages against the defendant.

[3] It has been uniformly held by this court that a master is liable, to the extent of actual or compensatory damages, for the unlawful act of an agent committed in the course of his employment, whether the act be ratified or not; but, in order to recover exemplary or punitive damages, the burden is upon the plaintiff to show that such act was either previously authorized or subsequently ratified. *Norfolk, etc., R. Co. v. Neely*, 91 Va. 539, 22 S. E. 367; *Sun Life Ins. Co. v. Bailey*, 101 Va. 443, 44 S. E. 692; *Lake Shore, &c., Co. v. Prentice*, 147 U. S. 101, 13 S. Ct. 261, 37 L. Ed. 97.

In *N. & W. R. Co. v. Lipscomb*, 90 Va. 137, 17 S. E. 809, 20 L. R. A. 517, this court quoted from *Hagan v. Providence R. Co.*, 3 R. I. 88-91 (62 Am. Dec. 377), cited also in *Lake Shore & M. S. R. Co. v. Prentice*, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed., 97, as follows: "We do not see how such damages can be allowed, when the principal is prosecuted for the fortuitous act of his servant, unless there is proof in the cause to implicate the principal and make him *particeps criminis* of the agent's act."

[4] It is error to give an instruction unless there is evidence upon which to base it.

[5] In the brief of the learned counsel for the plain-

tiff, it is said: "It is not contended that the acts of the motorman were previously authorized, but it is respectfully submitted that the evidence discloses that the company, after having full knowledge of all the facts, ratified the acts of the motorman."

In support of this contention great reliance is placed on the testimony of the defendant's claim agent. The claim agent testified that he was unaware of the occurrence until same was called to his attention by counsel for the plaintiff; that after a full investigation, he declined to recommend an adjustment of plaintiff's claim.

There is nothing in the record which indicates that the claim agent was vested with the power to discipline the employees of the defendant or to ratify their wilful or malicious acts should they commit such acts. Even though he possessed such power, a careful consideration of the evidence fails to demonstrate that he exercised it in this case.

[6] We are of the opinion that there is no evidence presented by the record to warrant the trial court in giving this instruction, and its action in this respect constitutes reversible error, as we are unable to say that this erroneous instruction could not have influenced the jury. *Danville Bank* v. *Waddill,* 27 Gratt. (68 Va.) 448.

[7] It is also contended by the plaintiff that section 3980 of the Code, relied upon by the defendant, is not applicable to the instant case.

That section, in conjunction with section 3978 of the Code, provides that there shall be a complete separation of white and colored passengers upon all urban, interurban and suburban electric railways, and that the conductor or other person in charge of an electric street car shall have the right to require any passenger

to change his or her seat as often as it may be necessary or proper.

We are of opinion that section 3980 is applicable as it imposes upon the motorman the mandatory duty of separating the races, and there can be no recovery unless there is an abuse of discretion.

In view of the conclusion reached in this opinion, we deem it unnecessary to enter upon a discussion of the remaining assignments of error.

The judgment will be reversed and annulled, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed.*