Thomas E. Hendrix, et al.

v.

Guy E. Daugherty, et al.

Record No. 941063

April 21, 1995

Present: All the Justices

*Brian D. Lytle (Kenneth F. Hardt; Hardt & Kelly*, on brief), for appellants.

*J. Gray Lawrence, Jr. (Guy E. Daugherty; R. Barrow Blackwell; Ann Mayhew Golski; Howell, Daugherty, Brown & Lawrence; Kaufman & Canoles*, on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

I.

In this appeal of a judgment in a legal malpractice action, we consider whether the original and amended motions for judgment contain allegations of proximate causation sufficient to state a cause of action.

The plaintiffs, Thomas E. Hendrix and Mattie D. (Hendrix) Forbes, filed a motion for judgment against their former attorneys, Guy E. Daugherty, Thomas J. Gallo, and the law firm of Howell, Daugherty, Brown & Lawrence. The plaintiffs alleged in their motion for judgment that the defendant attorneys negligently prosecuted a tort action on behalf of the plaintiffs.

The defendant attorneys had represented the plaintiffs in an action filed against Children's Hospital of the King's Daughters, Inc., Air-Shields, Inc., and Healthdyne, Inc. (original defendants). Air-Shields and Healthdyne are manufacturers of certain monitoring devices utilized in the Hospital's neonatal intensive care unit. In the underlying action, the plaintiffs alleged that their deceased infant, Nicholas B. Hendrix, had suffered a cardiorespiratory arrest secondary to hypoxia, and that his injuries were caused by the acts and omissions of the Hospital and the manufacturers. Nicholas lived about one year and five months after the incident, and a factual dispute exists on the issue whether his injuries and/ or death were caused by the purported negligence of the Hospital or the manufacturers.

In the underlying action, the defendant attorneys initially filed a tort action against the Hospital on behalf of Nicholas' estate and his parents as permitted by Code § 8.01-25, which allows the survival of a cause of action. Later, the attorneys amended the original motion for judgment, adding the product manufacturers as defendants and asserting a wrongful death claim pursuant to Code § 8.01-50. Subsequently, the defendant attorneys non-suited the amended motion for judgment. Five months later, the plaintiffs filed an "amended motion for judgment" alleging, among other things, a survival of the tort action and an action for wrongful death. The trial court entered an order requiring the plaintiffs to elect between prosecuting the survival action or the wrongful death action. Acting upon the defendant attorneys' advice, the plaintiffs elected to proceed with the wrongful death action.

The Hospital and the manufacturers, relying upon this Court's recent decision, *Dodson* v. *Potomac Mack Sales & Service*, 241 Va. 89, 400 S.E.2d 178 (1991), filed motions to dismiss the wrongful death action because it was barred by the applicable statute of limitations. In *Dodson*, we held that the six-month tolling provision of the non-suit statute, former Code § 8.01-229(E)(3), did not apply to wrongful death actions.[1] 241 Va. at 94, 400 S.E.2d at 181. The trial court granted the motion to dismiss, and we denied the plaintiffs' petition for appeal and petition for rehearing.

Subsequently, the plaintiffs in the underlying action filed a motion for judgment against their former attorneys, alleging negligence and breach of contract. The defendants filed demurrers asserting that the plaintiffs failed to allege proximate causation. The trial court sustained the demurrers, stating, "[t]he allegation that the plaintiffs would have been successful in the other action, or actions, but for the breach of these defendants, is simply not there." The plaintiffs then filed an amended motion for judgment and the trial court sustained the defendants' demurrers, holding that the amended motion for judgment suffered from the same defect as the original motion for judgment. We awarded the plaintiffs an appeal.

## II.

The plaintiffs argue that their original motion for judgment contained sufficient allegations of proximate causation and, thus, the trial court erred by sustaining the defendants' demurrers. To buttress their assertion, the plaintiffs rely upon the following paragraphs contained in their original motion for judgment:

As a result of the above, the plaintiffs herein were denied their rights to recover substantial damages from the product liability defendants and the health care defendants.

. . . .

As a direct and proximate result of the defendants' breach of their implied obligation, the plaintiffs have suffered damages.

---

[1] The General Assembly has subsequently amended the wrongful death provisions of the Code, making the six-month period applicable. *See* Code § 8.01-244(B).

. . . .

As a direct and proximate result of the defendants' negligence, the plaintiffs have suffered damages.

The defendant attorneys contend that the trial court properly sustained their demurrers because the plaintiffs failed to allege that they would have prevailed in the underlying action but for the negligence of the defendant attorneys. We agree with the defendants.

A plaintiff who asserts a cause of action against an attorney for legal malpractice must plead and prove that a relationship existed between them which gave rise to a duty, that the attorney neglected or breached the duty, and that the neglect or breach was a proximate cause of loss to the plaintiff. *Allied Productions v. Duesterdick*, 217 Va. 763, 764-65, 232 S.E.2d 774, 775 (1977). Each of these elements is indispensable if the plaintiff is to establish a *prima facie* case of legal malpractice. A mere allegation of negligence or breach of a duty is not sufficient to support an action for legal malpractice. Rather, a plaintiff is required to plead that he sustained damages proximately caused by the attorney's acts and omissions. *Campbell* v. *Bettius*, 244 Va. 347, 352, 421 S.E.2d 433, 436 (1992) ("[t]he client must prove that the attorney's negligence proximately caused the damages claimed"); *Duvall, Blackburn, Hale & Downey* v. *Siddiqui*, 243 Va. 494, 497, 416 S.E.2d 448, 450 (1992) (client must show "damages claimed were proximately caused by the attorney's negligence"). Accordingly, the trial court properly sustained the demurrers to the original motion for judgment because the plaintiffs failed to allege that they would have prevailed in the underlying action but for the negligence of the defendant attorneys.

### III.

Next, the plaintiffs contend they properly alleged in their amended motion for judgment that their damages were proximately caused by the defendant attorneys' acts and omissions. The defendants argue, however, that the plaintiffs' amended motion failed to allege proximate causation because the plaintiffs failed to "draw the requisite causal connection between the defendant attorneys' alleged omissions and the likelihood that they would have

prevailed on their underlying claim." In this instance, we disagree with the defendant attorneys.

█ The plaintiffs, in their amended motion for judgment, alleged that as a direct and proximate result of the actionable negligence of the tortfeasors in the underlying action, the plaintiffs suffered damages and that the plaintiffs had a "viable, provable and actionable wrongful death claim against one or more of the Underlying Tortfeasors for their damages." The plaintiffs further alleged that their wrongful death claim in the underlying action was dismissed with prejudice because the statute of limitations had expired after the first lawsuit was non-suited and

> [a]s a direct and proximate result of the Attorneys' breach of contract the Plaintiffs were damaged; that is also to say: but for the breach of contract by the Attorneys, Plaintiffs' case would not have been dismissed and Plaintiffs would have received a Plaintiffs' verdict against one or more of the Underlying Tortfeasors on the Wrongful Death Claim, and would have obtained and collected a judgment in the amount of $3,000,000.00 for the damages.

█ The plaintiffs also asserted in their amended motion for judgment that the defendant attorneys breached certain duties owed to the plaintiffs and but for those breaches of duty, the

> Plaintiffs' case would not have been dismissed and Plaintiffs would have received a Plaintiffs' verdict against one or more of the Underlying Tortfeasors on the Wrongful Death Claim and would have obtained and collected a $3,000,000.00 judgment for the damages.

Additionally, the plaintiffs alleged that the defendant attorneys were negligent and had breached an implied contract in the underlying action because they failed to prosecute the infant's survival claim and the plaintiffs' related claims, and as a direct and proximate result of the attorneys' breach of contract and negligence

> the Plaintiffs were damaged; that is also to say: but for [the attorneys' negligence and] the breach of contract by the Attorneys, Plaintiffs' case would not have been dismissed and Plaintiffs would have received a Plaintiffs' verdict against one

or more of the Underlying Tortfeasor(s) on the Survival Claim and the Parent's Claim, and would have obtained and collected a $3,000,000.00 [judgment] for the damages.

■ We are of opinion that the aforementioned paragraphs in the plaintiffs' amended motion for judgment sufficiently plead the requisite proximate causation. The plaintiffs' assertions contained in these paragraphs are sufficient, because the plaintiffs specifically alleged that they would have prevailed in the underlying action but for their former attorneys' purported negligence and breach of contract.

## IV.

As we have previously stated, the plaintiffs asserted in their amended motion for judgment that the defendant attorneys were negligent and breached their purported contractual obligation to the plaintiffs because the defendant attorneys took a non-suit of the wrongful death action and failed to prosecute the infant's survival claims and the plaintiffs' derivative claims. The defendant attorneys contend that they "were required . . . to elect between the legally inconsistent survival cause of action and wrongful cause of death cause of action" in the underlying action and that the plaintiffs' allegations of negligence against them may not proceed as a matter of law.

On appeal, the plaintiffs challenge the trial court's refusal to permit them to elect which theory of legal malpractice they may pursue against the defendant attorneys. Code § 8.01-25, which governs survival of causes of action, states in relevant part:

Every cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive either the death of the person against whom the cause of action is or may be asserted, or the death of the person in whose favor the cause of action existed, or the death of both such persons. Provided that in such an action punitive damages shall not be awarded after the death of the party liable for the injury. Provided, further, that if the cause of action asserted by the decedent in his lifetime was for a personal injury and such decedent dies as a result of the injury complained of with a timely action for damages arising from

such injury pending, the action shall be amended in accordance with the provisions of § 8.01-56.

Code § 8.01-56, which is one of Virginia's Death by Wrongful Act statutes, states:

> The right of action under § 8.01-50[2] shall not determine, nor the action, when brought, abate by the death, dissolution, or other termination of a defendant; and when a person who has brought an action for personal injury dies pending the action, such action may be revived in the name of his personal representative. If death resulted from the injury for which the action was originally brought, a motion for judgment and other pleadings shall be amended so as to conform to an action under § 8.01-50, and the case proceeded with as if the action had been brought under such section. *In such cases, however, there shall be but one recovery for the same injury.*

(Emphasis added).

The plain language contained in Code §§ 8.01-25 and -56 unequivocally mandates that a person may not recover for the same injury under the survival statute and the wrongful death statute. There can be but one recovery. Hence, the plaintiffs in this action, as a matter of law, could not have recovered in the underlying tort action against defendants on both theories of wrongful death and survival. Therefore, it necessarily follows that in the present action, at an appropriate time after discovery has been completed, the plaintiffs must be required to elect whether they will proceed against the defendant attorneys on the theory that the attorneys breached a duty owed to the plaintiffs in the prosecution of the wrongful death action or breached a duty owed to the plaintiffs in the prosecution of the survival action.

---

[2] Code § 8.01-50 states in relevant part:

A. Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation . . . the person who, or corporation . . . which, would have been liable, if death had not ensued, shall be liable to an action . . . notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to a felony.

B. Every such action under this section shall be brought by and in the name of the personal representative of such deceased person within the time limits specified in § 8.01-244.

## V.

The plaintiffs also argue that the trial court erred because it denied their motion to compel the defendant attorneys to return certain files to the plaintiffs. We do not consider this argument because it is not a subject of the trial court's final order. In view of our disposition of this appeal, we need not consider the plaintiffs' remaining arguments.

Accordingly, we will affirm that part of the judgment that sustained the demurrer to the original motion for judgment. We will reverse that part of the judgment that sustained the demurrers to the amended motion for judgment, and we will remand this case for further proceedings.

*Affirmed in part,*
*reversed in part,*
*and remanded.*