## CIRCUIT COURT OF FAIRFAX COUNTY

Patricia Ann McGuin
and Jean Denise Clark,
Administratrices
of the Estate of
Lucille T. Rodgers

   v.

Mount Vernon Nursing
Center Associates, L.P., and
S. L. Hinson Associates, L.P.

February 17, 1998

Case No. (Law) 160037

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon the Motion for Partial Summary Judgment filed by Defendants Mt. Vernon Nursing Center Associates, L.P., and S. L. Hinson Associates, L.P. ("Defendants"). At the hearing on January 30, 1998, the Court was asked to determine whether Plaintiffs Patricia Ann McGuin and Jean Denise Clark ("Plaintiffs") are precluded from proceeding with both a claim for wrongful death and a claim for negligence pursuant to a survival action. This action is set to be presented to a Medical Malpractice Panel on February 18, 1998.

For the reasons set forth herein, the Court concludes that at this stage, Plaintiffs may proceed with both a wrongful death action and a negligence action. Accordingly, the Motion for Partial Summary Judgment is denied.

## I. *Factual Background*

The following facts are derived from the pleadings filed herein. On May 5, 1995, the decedent, Lucille Rodgers ("Ms. Rodgers"), was admitted to Mt. Vernon Nursing Center ("MVNC") for a period of rehabilitation following hip surgery performed at Mt. Vernon Hospital. During her stay at MVNC, Ms. Rodgers reinjured her hip, allegedly resulting from the negligence of MVNC. She was readmitted to the hospital on May 23, 1995, was confined to bed, and unable to walk for the remaining eleven months of her life. Ms. Rodgers died on April 10, 1996; her death certificate identified lung cancer as the cause of her death.

Plaintiffs, the administratrices and sole beneficiaries of Ms. Rodgers' estate, brought suit against Defendants on the basis of three theories: (1) negligence pursuant to a survival action under § 8.01-25, (2) wrongful death, and (3) breach of contract. Trial of the case is stayed pending resolution of the Medical Malpractice Panel. Limited pre-panel discovery has been undertaken.

Defendants seek partial summary judgment of Count I, the negligence action, on the ground that Plaintiffs cannot proceed with both a negligence action and wrongful death action as a matter of law. This motion is not appropriately postured as a partial summary judgment motion as there are facts in dispute; however, the Court will consider the substance of the motion rather than its form.

## II. *Argument*

In support of their position, Defendants rely on § 8.01-56 of the Virginia Code. This statute provides, among other things, a procedural mechanism for the treatment of actions when death results from the injury for which a negligence action was originally claimed. While the statute expressly provides that only one recovery can be had for the same injury, implicitly, it contemplates that a plaintiff may plead these theories in the alternative. Moreover, a plaintiff may proceed at trial upon a theory of negligence, even in the face of evidence supporting a claim of wrongful death.

In *Lucas*, a personal injury tort action, the plaintiff presented expert testimony which supported a claim that the Defendant's negligence resulted in her wrongful death. *Lucas v. HCMF Corp.*, 238 Va. 446, 450 (1989). Upon the conclusion of this testimony, but before the completion of the plaintiff's evidence, the trial court dismissed the matter pursuant to § 8.01-56 because the evidence supported a claim of wrongful death. In reversing, the Virginia Supreme Court ruled that the plaintiff could present

conflicting evidence of the cause of death and have the trier of fact resolve the conflict. Although the Court, in a footnote, specifically reserved the question of the propriety of pleading alternative claims under Rule 1:4(k), the implication inherent in this footnote is clear, given the right to plead alternative facts and theories as provided in § 8.01-281 of the Virginia Code. *Id.*

Without doubt, Plaintiffs may recover upon one theory alone. The issue then becomes whether, and at what time, an election must be made.[1] Resolution of this issue may require a case by case factual analysis and a consideration of the relative burden or prejudicial effect on the respective parties. In the instant case, conflicting evidence apparently exists regarding the cause of Ms. Rodgers' death. Plaintiffs have alleged the requisite facts to support either theory of recovery. The Court does not decide today the issue of whether both claims may proceed to trial, or whether Plaintiffs must elect one theory prior to the trial; however, it is the Court's view that should the cause of death remain disputed throughout the case, then both claims ought to proceed to trial so that the conflict in the evidence may be resolved by the trier of fact. This view is also expressed in *Tucker v. Ware*, 10 Va. Cir. 454, 457 (1988).

Accordingly, the Motion for Partial Summary Judgment as to Count I is denied.

---

[1] *Hendrix v. Daugherty*, 249 Va. 540, 547 (1995), a legal malpractice action cited by both parties, is not particularly instructive here. *Hendrix* discussed the requirement of a plaintiff to select which specific breach of duty it alleged against the defendant attorney. In this case, however, Plaintiffs allege one breach of duty; the issue upon which Plaintiffs might be required to elect relates only to the type or extent of the damages caused by the breach.