**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LUCIA MAE FRANCISCO,
<u>Plaintiff-Appellant,</u>

v.

No. 98-1743

DOHERTY, SHERIDAN & GRIMALDI,
L.L.P.; WILLIAM J. VIRGULAK, JR.;
EDWIN A. SHERIDAN,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-97-1858-A)

Submitted: January 29, 1999

Decided: April 21, 1999

Before WILKINS and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Mark A. Epstein, MARK A. EPSTEIN LAW OFFICES, Baltimore,
Maryland, for Appellant. John O. Easton, Carol T. Stone, JORDON
COYNE & SAVITS, L.L.P., Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lucia Mae Francisco appeals the district court's order granting Defendants' motion to dismiss this action for legal malpractice in connection with their handling of her personal injury claim. Francisco contends that the district court erred in declining to grant her leave to amend her complaint and in dismissing her malpractice claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We affirm in part, vacate in part and remand to the district court for further proceedings.

We review Fed. R. Civ. P. 12(b)(6) dismissals de novo, accept as true factual allegations of the complaint, and view the complaint in the light most favorable to Francisco. See Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Such motions to dismiss should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and entitle her to relief. See id. Leave to amend complaints "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see Foman v. Davis, 371 U.S. 178, 182 (1962). In denying leave to amend, the district court found that the proposed amended complaint added nothing to the original and thus apparently found the proposed amendments futile. Because the proposed amended complaint added significant detail to Francisco's allegations, including assertions that she was incompetent to settle her personal injury claim, Defendants' alleged awareness of this incompetence, and their failure to seek a guardian on her behalf, we conclude the district court abused its discretion in denying leave to amend the complaint.

We also find that Francisco's complaint, as amended, sufficiently states a claim to survive a 12(b)(6) motion to dismiss. To establish a prima facie case of legal malpractice in Virginia, a plaintiff must assert: (1) an attorney-client relationship giving rise to a duty or

2

duties; (2) the neglect or breach of a duty or duties; and (3) that such negligence or breach was a proximate cause of loss to the plaintiff. See Hendrix v. Daugherty, 457 S.E. 2d 71, 74 (Va. 1995). Francisco's amended complaint adequately alleges and supports all elements of a legal malpractice claim. Contrary to the district court's conclusion, we find the amended complaint sufficiently alleges breach of duties that proximately caused her loss. Francisco clearly alleges that Defendants advised her to sign an agreement that transferred settlement authority to her parents who, she claims, improperly sought proceeds for themselves. Francisco alleges she was mentally incompetent due to her injuries and that her attorneys failed to obtain a guardian to act on her behalf despite their awareness of her impairment. She claims the attorneys improperly consulted with her parents about her case to her detriment because her parents ultimately received a substantial amount of the settlement.

We therefore find denial of leave to amend the complaint an abuse of discretion and conclude that the amended complaint states a claim sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Accordingly, while we express no opinion as to the merits of Francisco's action, we vacate the district court's order denying leave to amend and dismissing the legal malpractice claims and remand those claims for further proceedings. We affirm the district court's dismissal of the claims for emotional distress and punitive damages. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

3