## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Atkins

v.

Chesler

November 1, 1999

Case No. (Law) 97-236

BY JUDGE EDWARD L. HOGSHIRE

In this medical malpractice case, Plaintiff has filed an amended motion for judgment, in which she adds a claim of personal injury under the Va. Code § 8.01-25 survivor statute, after the statute of limitations had expired. Plaintiff argues that Va. Code § 8.01-6.1 allows the amended claim to relate back to the filing of the original motion for judgment, thereby satisfying the statute of limitations. For the reasons stated below, the Court agrees with the Plaintiff and will allow the amended motion for judgment.

The Plaintiff filed the original motion for judgment on October 24, 1997. This motion alleges medical malpractice on the part of the Defendant resulting in the death of Plaintiff's decedent. Beverly Health and Rehabilitation Services was also named as a defendant. Damages were claimed on the basis of wrongful death. A settlement agreement between Plaintiff and Beverly Health was entered in August 1998, leaving Dr. Chesler as the only remaining defendant. On August 5, 1999, Plaintiff moved to amend her motion for judgment to include a claim for damages for personal injuries sustained by the decedent and recoverable under the survivor statute.

Section 8.01-6.1 allows an amended claim to relate back to the date of the original filing if the court finds:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading,

(2) the amending party was reasonably diligent in asserting the amended claim or defense, and

(3) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

The Court finds the amended claim arose out of the occurrence set forth in the original pleading, *i.e.* the alleged negligence on the part of the Defendant. Furthermore, the Court also finds that Defendant will not be substantially prejudiced by the new claim. A trial date has not been set, nor has discovery been substantially completed. *See Stevens v. Hospital Auth. of the City of Petersburg,* 42 Va. Cir. 321 (1997). Finally, the Court finds that although Plaintiff filed suit over two years ago, counsel was "reasonably diligent" in asserting her claim given the current status of the case. After discovery has been completed, Plaintiff must still elect under which theory she will proceed against the Defendant. *See Hendrix v. Daugherty,* 249 Va. 540, 457 S.E.2d 71 (1995).

Because the Plaintiff has met all three requirements of § 8.01-6.1, the motion to amend is granted.