# CIRCUIT COURT OF THE CITY OF NORFOLK

McCabe

v.

Reed

March 13, 2001

Case No. (Law) L00-1636

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Defendant's Demurrer and Motion for Summary Judgment. The background and facts of this case are as follows. Plaintiff, McCabe, is a former employee of Dibert Valve & Fitting Company, Inc. ("Dibert"). She was terminated from her employment on July 18, 1994. Plaintiff subsequently filed a complaint against Dibert. Plaintiff claimed that Dibert terminated her in retaliation for her intentions to file various complaints against the company. One such complaint was discrimination on the basis of sex because plaintiff did not receive promotions she thought she was entitled to and that those promotions were always given to men. Plaintiff was initially represented by Pender & Coward ("P & C") until May 19, 1995, when the present defendant was hired. This was approximately one month before suit had to be filed in federal court. The EEOC dismissed the action as they could not determine whether Dibert had violated any discrimination laws. The EEOC mailed plaintiff's right to sue letter on March 14, 1995, which letter explained that plaintiff had ninety days, from the date that either she or her attorney received the letter, to sue Dibert in court. The EEOC mailed the notice to plaintiff, at her correct Norfolk address with proper postage. Plaintiff

also maintains a residence in Coinjock, North Carolina, where she spends approximately 50% of her time.

Plaintiff's former counsel Mr. Arnold (P & C), Dibert, and Dibert's counsel all received the notice. Plaintiff testified in a deposition that she could not recall when her notice was actually received or whether she ever received notice directly from the EEOC at all. Plaintiff does however recall that she received notice through her former law firm, P & C, on or about March 27, 1995. This notice was the *original*, which did not have a date stamp on it. However, a copy of that same notice was retained by P & C and did have a time stamp on it noting the following: "Received March 21, 1995." A legal assistant at P & C also wrote plaintiff a letter stating that the ninety-day period would expire on June 21, 1995 (which was incorrect because counting back from that date would mean the notice was received March 23rd, which no one contends is true). This was the date that plaintiff and the current defendant relied on as the deadline for plaintiff to sue. This date, however, was too late according to the United States District Court for the Eastern District of Virginia. That Court granted summary judgment to the defendant, Dibert, on the grounds that the filing of the suit was untimely. The Court relied on two presumptions under the applicable law: an item that is properly stamped and addressed is received, and when a dispute arises as to when a mailed item has been received, or it is unknown, the item is presumed to have been received three days after the mailing date. Therefore, the Court added three days to March 14, 1995, and came up with March 17, 1995, as the date plaintiff would have received the notice. Plaintiff's complaint was therefore required to be filed by June 15, 1995, but it was instead filed on June 19, 1995. The Court also stated that the March 21st date did not help plaintiff because it was stamped on a copy of the notice and not the original. That decision was upheld.

Plaintiff then filed a lawsuit against the present defendant for legal malpractice. Her first complaint was filed on March 5, 1999. Ms. McCabe conducted no discovery and failed to respond to Reed's interrogatories and requests for production of documents. The Court excluded any expert witness(es) on behalf of Ms. McCabe at the trial. Ms. McCabe then took a nonsuit of the first action. Ms. McCabe thereafter filed the present action on July 24, 2000. The pleadings are exactly the same as in the previous case. At a hearing on February 16, 2001, the Court ordered Ms. McCabe to provide answers and responses to discovery by February 19, 2001. In addition, the Court granted defendant Reed's motion to exclude expert testimony on behalf of Ms. McCabe due to her failure to designate any expert as required by the Scheduling Order. She, therefore, may not present any witness who may give

expert opinions on any matter in this case. Reed also filed a demurrer alleging that plaintiff's pleadings are deficient as a matter of law. Reed claims that she fails in her motion for judgment to allege that "but for" defendant's mistake, she would have prevailed in the underlying action. Reed also filed a Motion for Summary Judgment arguing that without expert testimony plaintiff cannot prove the essential elements of a *prima facie* case. Plaintiff contends that she does not need any expert testimony because this is a matter within the common knowledge of lay persons.

## I. *Demurrer*

A demurrer tests the sufficiency of the factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). When ruling on a demurrer, the Court must not evaluate or decide the actual merits of a claim. *Id.* The Virginia Supreme Court has stated that trial courts should not incorrectly short-circuit litigation at the pretrial stage by deciding the dispute without permitting the parties to have a trial on the merits. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). Further, in deciding whether to grant the demurrers, the Court must accept as true all facts and reasonable inferences drawn from the Motion for Judgment. *See Fox v. Custis*, 236 Va. 69, 372 S.E.2d 373 (1988).

In an action for legal malpractice, the plaintiff must plead and prove the following elements: (a) a relationship existed between the attorney and plaintiff which gave rise to a duty; (b) that the attorney neglected or breached that duty; (c) that the neglect or breach was a proximate cause of the loss to plaintiff ("but for" the attorney's negligence plaintiff would have prevailed in the underlying action); and (d) that damages were suffered. *Hendrix v. Daughtery*, 249 Va. 540, 544, 457 S.E.2d 71 (1995). Each of the elements is indispensable if plaintiff is to establish a prima facie case of legal malpractice. *Id.* A plaintiff is required to plead that he sustained damages proximately caused by the attorney's acts and omissions. *Id.*

In the case at bar, plaintiff's motion for judgment may actually be deficient as she does not allege that she would have prevailed in the underlying suit but for attorney Reed's negligence. *See Hendrix*, 249 Va. at 544-45. However the Court will overrule the demurrer and focus on the issue of Summary Judgment.

## II. *Summary Judgment*

### *Is Expert Testimony Necessary*

At the outset, it is necessary to review the rules and standards for summary judgment. Under Rule 3:18 of the Rules of the Virginia Supreme Court, either party may make a Motion for Summary Judgment and the trial court may grant such motion if it appears that the moving party is entitled to judgment as a matter of law. Rules of the Supreme Court, Rule 3:18. A trial court, in considering a Motion for Summary Judgment, must adopt those inferences from the facts that are most favorable to the nonmoving party, unless those inferences are forced, strained, or contrary to reason. *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). A party is entitled to summary judgment only where the record, taken as a whole, could lead a rational trier of fact to only one conclusion. *Dickerson; see also Stevens v. Howard D. Johnson Co.*, 181 F.2d 396 (4th Cir. 1950); *Hill v. Diamond*, 203 F. Supp. 877 (E.D. Va. 1962). Summary Judgment is not appropriate and shall not be granted if any material fact is genuinely in dispute. *Dickerson*, 253 Va. at 327.

In the present case, defendant argues that the plaintiff needs an expert to establish each element of her legal malpractice claim. Since this Court has already ruled that expert testimony on behalf of the plaintiff is excluded, defendant argues summary judgment is appropriate as there would be no genuine issue of material fact. Generally, questions of whether an attorney has exercised reasonable care and, if not, whether that failure was the proximate cause of client's loss are to be decided by the fact finder after considering expert testimony on the issues. *Heyward & Lee Const. Co. v. Sands, Anderson, Marks & Miller*, 249 Va. 54, 57, 453 S.E.2d 270 (1995). However, when these questions are purely a matter of law, they are reserved for determination by a court and are not the subject of expert testimony. *Id.*

In *Seaward Intern, Inc. v. Price Waterhouse*, the Virginia Supreme Court held that unless a "professional" malpractice case turns upon matters within the "common knowledge of laymen" or can be determined as a matter of law, expert testimony is required to establish each element of the claim. 239 Va. 585, 590, 391 S.E.2d 283, 287 (1990). In that case, the Court held that the definition of "'generally accepted auditing standards' (accounting) and the application of that definition to the facts of a particular case, are matters beyond the common knowledge of laymen." *Id.* Accordingly, the plaintiffs in that case had the burden of producing expert testimony which "would not only define the applicable standard, but also would adduce facts from which the

jury could find that the defendant had deviated from it." *Id.* at 592. "In most legal malpractice cases, 'expert testimony is necessary to establish the standard of care since only an attorney can competently testify to whether the defendant comported to the prevailing legal standard'." *Stewart Title Guaranty Co. v. Linowes and Blocher*, 42 F.3d 1386 (4th Cir. 1994) (unpublished opinion) (quoting 2 R. Mallen & J. Smith, *Legal Malpractice* § 27.15); *Sampang v. Detrick*, 826 F. Supp. 174, 177 (W.D. Va. 1993) (holding that because "[n]egligence is not self-proving," expert testimony is required in legal malpractice cases); *see also Raines v. Lutz*, 231 Va. 110, 111, 341 S.E.2d 194, 195 (1986) (professional malpractice cases generally require that "the appropriate standard of care, as well as any departure from that standard, must be proved by expert testimony"); *Pink v. Bowman*, 1995 WL 1055930 (Va. Cir. Winchester) (granting summary judgment to the defendant in a legal malpractice case because the plaintiff did not provide any expert testimony). In the medical context of this issue, there have been only four cases to reach the Virginia Supreme Court where expert testimony was held not to be required. *See Beverly Enterprises-Va., Inc. v. Nichols*, 247 Va. 264, 441 S.E.2d 1 (1994).

In the case at bar, the defendant argues that the attorney's malpractice can only be shown by an expert, another attorney, on the issues of standard of care and duty, a breach of that duty, proximate causation and damages. Defendant contends that classifying this case as a mere statute of limitations problem is a gross mischaracterization. *Defendant's Memorandum in Support of Summary Judgment*. The applicable law to the filing of plaintiff's case against her former employer, Dibert, is Title VII of the Civil Rights Act of 1964. The procedural requirements for this type of discrimination claim are different from those of a regular case where there is a set limitations period, i.e. personal injury. First a claimant must file a charge with the EEOC within 180 days of the alleged conduct. If the EEOC does not complete processing of the charge within 180 days of the filing, the party may request a dismissal in order to file a civil action. If neither the EEOC nor the U.S. Attorney General file a civil action on behalf of the complaining party, that party must file suit in U.S. District Court within ninety days of the EEOC giving notice of the right to sue. The ninety-day period begins to run upon *receipt* by the complaining party or that person's attorney. Further, as already stated, the U.S. District Court found that two rebuttable presumptions applied in this case which made the filing deadline earlier than had been believed. There was also another attorney involved in this case prior to the defendant's receiving it in the middle of May, only one month before the actual filing deadline.

Plaintiff contends that the District Court's ruling dismissing her complaint as untimely is sufficient evidence for a jury to conclude that Reed was negligent. She argues that this "missing of the deadline" is within the common knowledge of the jury with respect to the standard of care and a breach of that standard. Plaintiff also asserts that a reasonable jury can find that Reed's untimely filing proximately caused her subsequent loss of the right to sue and that expert testimony is not required to make such a finding.

This Court adopts the position taken in defendant's brief and finds that expert testimony is required as to the standard of care and any breach thereof. This is particularly true as to the issue of reliance upon the date of notice provided by prior counsel and plaintiff.