# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Betty Williams,
Administratrix
of the Estate of
Curtis A. Williams,
deceased

v.

Medical Facilities
of America et al.

February 16, 2005

Case No. CL03-3400

BY JUDGE WILLIAM R. O'BRIEN

This matter came before the Court on Defendants' Demurrer and Motion to Compel Election of Remedies. Plaintiff filed a Motion for Judgment on December 4, 2003, alleging either survivorship (Count I) or wrongful death (Count II) as a basis for recovery. Plaintiff alleges that Decedent, Curtis A. Williams was a resident at Virginia Beach Healthcare and Rehabilitation Center. The nursing home is owned and operated by Defendant Medical Facilities of America. Plaintiff alleges that Mr. Williams was admitted to the nursing home on or about November 15, 2000. During his stay at the nursing home, Mr. Williams lost weight and developed pressure sores. He subsequently developed a systemic infection. Mr. Williams was hospitalized on September 29, 2002. He passed away on November 1, 2002. Plaintiff has alleged that Mr. Williams' injuries and death are the result of Defendants' negligence.

Va. Code §§ 8.01-25 and 8.01-56 clearly "mandate that a person may not recover for the same injury under the survival statute and the wrongful death statute." *Hendrix v. Daugherty*, 249 Va. 540, 547, 457 S.E.2d 71 (1995). While Plaintiff may recover on only one theory, Plaintiff may plead alternative causes of action based on contradictory theories. Va Code Ann. § 8.01-281. *See also* Va. Sup. Ct. Rule 1:4(k) (stating "a party . . . may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence"): *Norfolk Hosiery & Underwear Mills Co. v. Aetna Hosiery Co.*, 124 Va. 221, 234, 98 S.E. 43 (1919) (observing "[n]othing is more common in practice than contradictory pleas").

Whether the defendants' negligence caused injuries or death is a fact for the jury to determine. It would be unjust to force a plaintiff to choose one theory of recovery only to discover that the jury reached the opposite conclusion. Plaintiff would be left without a remedy even though the defendant was found to be at fault. While Plaintiff is permitted to proceed both on a survivorship and wrongful death claim, Plaintiff will recover on only one theory. There is no reason to prohibit Plaintiff from arguing contradictory theories of liability; consequently, Defendants' Motion to Compel Election of Remedies is denied.

Defendant has also filed a demurrer with respect to Plaintiff's claims for punitive damages. A demurrer challenges the legal sufficiency of an aggressive pleading and should be sustained if the plaintiff's pleadings do not state a cause of action or fail to state facts upon which relief can be granted. Va. Code § 8.01-273. The pleadings must be considered in a light most favorable to the plaintiff. *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909 (2001).

Punitive damages are appropriate only where the defendant's conduct rises to the level of willful and wanton. Willful or wanton conduct imports knowledge and consciousness that injury will result from the act done. *Friedman v. Jordan*, 166 Va. 65. 68, 184 S.E. 186 (1936). Plaintiff must show that Defendants responded to the risk of harm with "purposeful carelessness, deliberate inattention to known danger, or any intended violation or disregard of the rights of others." *El-Meswari v. Washington Gas Light Co.*, 785 F.2d 483, 489 (4th Cir. 1986) (citing *Baker v. Marcus*, 201 Va, 905, 114 S.E.2d 617 (1960)).

Defendants also demur on the grounds that Plaintiff has failed to allege specific facts that indicate that Defendants ratified the acts of their employees. "A master is liable, to the extent of actual or compensatory damages, for the unlawful act of an agent committed in the course of his employment, whether

the act be ratified or not; but, in order to recover exemplary or punitive damages, the burden is upon the plaintiff to show that such act was either previously authorized or subsequently ratified." *Virginia R. & P. Co. v. Deaton*, 147 Va. 576, 582, 137 S.E. 500 (1927).

Plaintiff has not alleged sufficient facts to proceed with her claim for punitive damages. Although Virginia has liberal pleading requirements, Plaintiff still must allege facts on which relief can be based. Plaintiff has merely made conclusory statements that Defendants behavior was willful and wanton. Further, Plaintiff has not alleged any acts of ratification or approval of the employees conduct by the Defendants.

Considering this, Defendants' demurrer to the claims for punitive damages is sustained. Plaintiff is given leave to amend her Motion for Judgment within fourteen days from the entry of the order. Defendants' Motion to Compel Election of Remedies is denied. It is so ordered.