# CIRCUIT COURT OF RUSSELL COUNTY

Joyce Diane McReynolds,
Administratrix
of the Estate of
Marjorie Lee Townsend,
deceased

v.

Altamont Manor, Inc., etc.

April 12, 2005

Case No. CL03-94

BY JUDGE MICHAEL L. MOORE

This matter is before the Court on defendant's Motion to Require Election, requesting that the plaintiff be ordered to elect between her wrongful death and survival actions. Plaintiff filed a wrongful death action on April 3, 2003, alleging that the decedent died as a result of the defendant's negligence. Subsequently, the plaintiff also filed a personal injury survival action on January 29, 2004, alleging facts and negligence similar to the wrongful death suit. The defendant argues that the plaintiff should be required to elect between the survival action and the wrongful death action. The Court has previously ruled that these two suits are to be consolidated for trial.

The Virginia Supreme Court has held that a plaintiff "may not recover for the same injury under the survival statute and wrongful death statute." *Hendrix v. Daugherty*, 249 Va. 540, 547, 457 S.E.2d 71 (1995). While a plaintiff may recover under only one theory, under § 8.01-281 of the Code of Virginia, he or she may plead alternative theories of recovery provided that such claims arise out of the same transaction or occurrence.

The purpose of allowing a plaintiff to plead alternative theories as to allow the fact finder to decide which, if either, theory of recovery has been proven. Whether the defendant's alleged negligence caused a personal injury or a wrongful death is a jury question, and the Court will not require the plaintiff to choose one theory over another. While the plaintiff may only recover on one theory, she may argue alternative theories of liability; therefore, defendant's Motion to Require Election is denied.