# CIRCUIT COURT OF ROCKINGHAM COUNTY

Richard Montgomery Brothers et al.

    v.

Rockingham Memorial Hospital et al.

March 5, 2008

Case No. CL07-00620

BY JUDGE JAMES V. LANE

This matter is before the Court on Defendants' Motion to Determine the Sufficiency of Plaintiffs' Responses to Requests for Admission. The Court heard oral argument on February 20, 2008, and took the matter under advisement.

Defendants' Motion concerns two Requests for Admission Defendants served on Plaintiffs on July 13, 2007, which requested that Plaintiffs admit the following two inconsistent matters: "7. Mrs. Brothers died of the injuries described in the Complaint; 8. Mrs. Brothers did not die of the injuries described in the Complaint."

On August 1, 2007, Plaintiffs responded to these two Requests identically:

> Response: Admitted in part and denied in part. Plaintiffs admit that Mrs. Brothers sustained a head injury which caused her serious injuries; Plaintiffs admit that they pleaded in the alternative a survival and a wrongful death action which is permitted under Virginia law. See Va. Code § 8.01-281 and also Rule 1:4(k) of the Rules of Virginia Supreme Court. Plaintiffs object to being forced to elect their remedies on the grounds that whether defendants' negligence caused Mrs. Brothers' injuries

or death is a fact for the jury to determine. *Williams, Administratrix of the Estate of Curtis A. Williams, deceased v. Medical Facilities of America et al.*, CL03-3400 (Va. Beach Cir. Ct. 2005); *McGuinn and Clark, Administratrices of the Estate of Lucille T. Rodgers v. Mount Vernon Nursing Center Assoc. et al.*, 1998 WL 972115; (Fairfax Cir. Ct. 1998).

On November 29, 2007, Defendants moved this Court to determine the sufficiency of Plaintiffs' responses.

Supreme Court Rule 4:11 plainly states that "a party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 4:12(c), deny the matter or set forth reasons why he cannot admit or deny it." Va. Sup. Ct. R. 4:11. Plaintiffs do not object on this ground alone. Rather, Plaintiffs object to effectively being forced to elect a remedy.

Before the Court can fully determine the sufficiency of Plaintiffs' Responses, the propriety of Defendants' Requests must be evaluated. The Court notes that Defendants' Request No. 7 is an unorthodox, and more importantly, improper use of requests for admission. Rule 4:11 states: "Effect of Admission. Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Va. Sup. Ct. R 4:11(b). Thus, if Plaintiffs were to admit that the subject injury to Mrs. Brothers caused her death and Defendants offered this admission into the record in order to bind Plaintiffs, then the matter admitted ("Mrs. Brothers died of the injuries described in the Complaint") would be conclusively established pursuant to Rule 4:11. This would certainly force Plaintiffs to seek recovery under § 8.01-50 because it would establish that the subject injury caused Mrs. Brothers' death, but the ultimate effect of such admission would likely not be favorable to Defendants' case. Requests for admission can be likened to stipulations in that they establish facts for the purpose of the case at bar. As such, when a party requests an admission, that party should wish to have the matter admitted conclusively established in the same manner as a stipulated fact.

Request No. 8 has obvious consequences to Plaintiffs if admitted and is properly asked for that purpose, but, if denied, it does no more than subject Plaintiffs to the possibility of sanctions pursuant to Rule 4:12(c). Under Rule 4:11, it is not the admission or denial that becomes conclusively established, but the "matter admitted." *Id*. Neither a denial, nor a matter denied, become conclusively established.

Request Nos. 7 and 8 (with the exception of the use described in the first sentence of the preceding paragraph) are ineffective uses of requests for admission. While the 1972 amendments to Rule 4:11 resulted in the permissibility of using requests for admission to seek admissions as to disputed matters, the party seeking the admission should be a proponent of the matter or allegation for which the admission is requested. While there are no cases on point, due likely to the unconventional use in this case, the structural defects in Defendants' Requests can be illustrated by two scenarios. In scenario one, if Plaintiffs were to fail to respond, they would effectively admit (pursuant to Rule 4:11) the matters requested in both Request Nos. 7 and 8, resulting in both assertions becoming matters conclusively established. This is not possible. More importantly, in scenario two, if Plaintiffs were to deny Request No. 7, the only available remedy for an improper denial is an award of expenses where the requester "proves the . . . truth of the matter." Va. Sup. Ct. R. 4:12(c). Rule 4:12(c) elucidates for us the proper use, and thereby the purpose, of requests for admission by setting forth the penalty for noncompliance with such proper use. The recovery under 4:12(c) is inapplicable to Defendants' Request No. 7 unless Defendants seek to prove that the subject injuries resulted in Mrs. Brothers' death. Further, it is improper and ineffective to seek a denial through Request No. 8 as proved by the fact that recovery of expenses only exists where the requester proves the truth of a matter denied. Rule 4:11 creates an instrument through which a party may seek to have matters conclusively established through admissions, not denials, and it does not, in the one-sided fashion Defendants' assume, establish the admissions (or denials for that matter), themselves, but the "matter admitted." *Id.*

The underlying question here is whether Plaintiffs can be forced to elect between an action under § 8.01-50 or § 8.01-25. Although Defendants' Requests for Admission do not actually reach this question, the Court will dispose of this issue as Defendants will no-doubt seek to estop Plaintiffs, in some fashion, from presenting evidence in support of their survival action. It is Defendants' position that if Plaintiffs assert that the subject injury caused Mrs. Brothers' death, they must proceed solely under § 8.01-50; however, a careful reading of §§ 8.01-25, 8.01-50, and 8.01-56 reveals that these sections do not require an election of remedy for the purpose of presenting evidence to the jury; they merely allow only one recovery for the same injury. Va. Code Ann. § 8.01-56. Further, while §§ 8.01-25 and 8.01-56 require amendment of an action for personal injury asserted by the decedent in his or her lifetime when such decedent dies as a result of the injury complained of with a timely action for damages arising from such injury pending, *Id.*, the amendment aspects of

these sections do not address actions originating after the death of a decedent. Defendants rely on *Hendrix v. Daugherty*, 249 Va. 540, 457 S.E.2d 71 (1995); however, *Hendrix* deals with a legal malpractice action and is factually distinguishable.

> The plain language contained in Code §§ 8.01-25 and -56 unequivocally mandates that a person may not recover for the same injury under the survival statute and the wrongful death statute. There can be but one recovery. Hence, the plaintiffs in this action, as a matter of law, could not have recovered in the underlying tort action against defendants on both theories of wrongful death and survival. Therefore, it necessarily follows that, in the present action, at an appropriate time after discovery has been completed, the plaintiffs must be required to elect whether they will proceed against the defendant attorneys on the theory that the attorneys breached a duty owed to the plaintiffs in the prosecution of the wrongful death action or breached a duty owed to the plaintiffs in the prosecution of the survival action.

*Id.* at 547. *Hendrix* does not state that it necessarily follows, nor does it necessarily follow from *Hendrix*, that plaintiffs pleading both survival and wrongful death actions must elect. Only plaintiffs suing their former attorneys in malpractice must elect a theory under which to pursue that claim. As it stands, the Supreme Court has not ruled on this issue.

There are circuit court cases that differ on this issue; however, this Court finds more persuasive those that allow plaintiffs to proceed with both actions.

> [T]he court agrees that an action for death by wrongful act is the exclusive means of recovery where death results from the injury giving rise to the cause of action. . . . The fallacy of defendants' argument is that it assumes that [the decedent's] death was caused by the injuries resulting from defendants' alleged negligence, and which form the basis of the personal injury count. While Count I of the motion for judgment, alleging wrongful death, does allege that [the decedent's] death resulted from the subject injuries, it is, at this point, merely an allegation. Count II, which does not allege that death ensued from those injuries, is also, at this point, merely an allegation. As plaintiffs correctly point out, a jury may very possibly find that while

defendants' negligence caused injury to [the decedent], such injury did not cause his death. Just as possibly, a jury may find that such injury did cause his death. Requiring plaintiffs to elect at this point which count to pursue would, in the court's view, work a severe injustice on plaintiffs. If plaintiffs elect to pursue the wrongful death claim, a jury's finding that death did not result from the subject injuries will defeat any recovery. Likewise, if only the survival action is maintained, a jury's finding that such injury did cause George's death will also defeat any recovery.

*Tucker v. Ware*, 10 Va. Cir. 454, 455-56 (City of Richmond 1988).

Whether the defendants' negligence caused injuries or death is a fact for the jury to determine. It would be unjust to force a plaintiff to choose one theory of recovery only to discover that the jury reached the opposite conclusion. Plaintiff would be left without a remedy even though the defendant was found to be at fault.

*Williams v. Medical Facilities of Am.*, CL03-3400 (Va. Cir. Va. Beach, Feb. 16, 2005); see also *McReynolds v. Altamont Manor*, CL03-94 (Va. Cir. Russell County, Apr. 12, 2005); *Thornburg v. Manor Healthcare Corp.*, 37 Va. Cir. 273 (1995); *McGuinn v. Mount Vernon Nursing Center Assoc., L.P.*, 44 Va. Cir. 453, 454-55 (Fairfax 1988).

Defendants contend that it is factually impossible to have died from, yet not died from, the injuries sustained in the fall. This is an accurate statement; however, Plaintiffs do not contend that Mrs. Brothers both died as a result of the fall and did not die as a result of the fall. Section 8.01-25 does not require that a plaintiff plead or prove that the subject injury did not cause the decedent's death. Quite simply, Plaintiffs' Count I provides for recovery in the event that the jury finds (1) that Defendants' negligence caused the subject injury and (2) that injury caused Mrs. Brothers' death, whereas Count II provides for recovery where the jury finds only that Defendants' negligence caused the subject injury, but do not find Plaintiffs have proved by a

preponderance of the evidence that the injury caused the death. The survival action is pleaded in order to allow for the possibility of recovery where Plaintiffs are unable to prove the injury caused the death. These actions are not contradictory or mutually exclusive in either a legal or logical sense.

In essence, Defendants are attempting to force Plaintiffs to proceed solely under either § 8.01-50 or § 8.01-25, which flies in the face of § 8.01-281. Plaintiffs have responded accordingly. Therefore, the Court sustains Plaintiffs' objections and finds their responses sufficient.