JOSEPHINE DI GIOVANNI, PLAINTIFF-RESPONDENT, v. DR. J. F. PESSEL, a/k/a JOHANNES PESSEL, DEFENDANT-APPELLANT, AND DR. JOSEPH C. BORRUS, DEFENDANT.

Argued November 18, 1969—Decided January 22, 1970.

*Mr. Charles E. Stein* argued the cause for respondent.

*Mr. Robert M. Graham* argued the cause for appellant (*Messrs. Champi, Graham & Yurasko,* attorneys).

The opinion of the court was delivered by

HANEMAN, J. This is an action against Drs. Pessel and Borrus and Carrier Clinic (Clinic) alleging that defendants were guilty of malpractice and false imprisonment in the commitment of plaintiff to the Clinic, a private sanitarium. At the end of the case, the trial court directed a verdict in favor of Clinic on all counts. The trial court also directed a verdict in favor of both doctors on the malpractice count and directed a verdict in favor of plaintiff on the false imprisonment count. The court, however, denied plaintiff compensatory damages as a matter of law on the ground that she was of unsound mind and required psychiatric help at the time of commitment and therefore suffered no actual damage.

However, the court directed the jury to return a verdict for punitive damages. On appeal to the Appellate Division, that court unanimously affirmed the judgment in favor of Clinic; unanimously reversed the judgment against Dr. Borrus and by a vote of two to one affirmed the judgment against Dr. Pessel, reducing the amount thereof, however, from $5,500 to $5,000. See *DiGiovanni v. Pessel,* 104 *N. J. Super,* 550 (*App. Div.* 1969). Both Dr. Pessel and plaintiff appeal as a matter of right. *R.* 2:2–1(a)(2) (formerly *R. R.* 1:2–1 (b)). A motion by Dr. Borrus to dismiss plaintiff's appeal insofar as it concerned him upon the ground that the dissent did not relate to him and the time for filing a petition for certification had elapsed, was granted. Plaintiff withdrew her appeal as to Clinic at the argument. We are therefore concerned only with the trial court's action as it related to Dr. Pessel's liability.

We agree that plaintiff was not entitled to compensatory damages. The sole question remaining is whether plaintiff was entitled to recover punitive damages.

Plaintiff argues that the admitted failure of Dr. Pessel to sign the affidavit of the certificate of insanity in the presence of a notary and his failure to make a personal examination of plaintiff within ten days prior to said certificate, both of which acts are required by *N. J. S. A.* 30:4–29, 30, constitute a sufficient foundation for punitive damages.

Ordinarily, in tort law, damages are intended to compensate rather than to punish. In exceptional cases punitive damages are awarded as a punishment of the defendant and as a deterrent to others from following his example. The test of entitlement to such damages has been stated in *Prosser on Torts* (2 ed. 1955), § 2, as follows:

"Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called wilful or wanton. Lacking this element, mere negligence, however 'gross,' is generally held not to be enough." (at 9-10):

▮ An act to give rise to right to punitive damages must be actuated by

"(1) actual malice, which is nothing more or less than intentional wrongdoing—an evil-minded act; or (2) an act accompanied by a wanton and wilful disregard of the rights of another. Clearly, each case must be governed by its own peculiar facts." *LaBruno v. Lawrence*, 64 *N. J. Super.* 570, 575 (App. Div. 1960) certif. denied 34 *N. J.* 323 (1961).

In *Berg v. Reaction Motors Division*, 37 *N. J.* 396 (1962), this Court said:

"Professor McCormick suggests that in order to satisfy the requirement of wilfulness or wantonness there must be a 'positive element of conscious wrongdoing.' See McCormick, *supra*, at *p.* 280. Our cases indicate that the requirement may be satisfied upon a showing that there has been a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences." (at 414).

▮ We do not agree that under the facts here present plaintiff is entitled to recover punitive damages from Dr. Pessel. It must be remembered that it is undenied that Dr. Pessel had been in constant attendance upon plaintiff from approximately June 1964 to March 1965 and that from the latter date until August 1965 he had received at least one visit from her husband and a number of visits from two of her daughters, all three of whom recited details of plaintiff's conduct which could give rise to legitimate fears that she harbored homicidal or suicidal tendencies. Also, Dr. Pessel testified that he had received at least 30 telephone calls from March 1965 to August 1965 from one of plaintiff's daughters reciting details concerning her mother's irrational conduct. It is undenied that plaintiff was in dire need of psychiatric treatment at the time of her commitment and that her mental condition was improved as a result of the treatment received at Carrier Clinic. The record discloses that Dr. Pessel signed the certificate accompanying the application for commitment at the behest and request of plaintiff's daughter and did so

on the condition that a psychiatrist confirm his diagnosis. The record also indisputably indicates that had Dr. Pessel examined plaintiff within ten days prior to the date of his certificate his conclusions would have been no different than those contained in the certificate he signed. Under the factual complex here present, the failure to sign before a notary was a technical omission unaccompanied by a probability of harm or a reckless indifference to consequences and is not demonstrative of a wanton and reckless disregard of plaintiff's rights. Also, it is not contended that Dr. Pessel acted malevolently or vindictively. Contrariwise, it is undisputed that he was solely motivated in signing the certificate by his interest in plaintiff's welfare and health. We conclude that the plaintiff is not entitled to punitive damages.

Accordingly, the judgment in favor of Dr. Joseph C. Borrus is affirmed and the judgment against Dr. J. F. Pessel is reversed.

*For affirmance of judgment in favor of Dr. Joseph C. Borrus* — Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, SCHETTINO and HANEMAN—5.

*For reversal*—None.

*For reversal of judgment against Dr. J. F. Pessel*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, SCHETTINO and HANEMAN—5.

*For affirmance*—None.