Mabel S. JONES, et al., Plaintiffs,

v.

PRINCE GEORGE'S COUNTY,
MARYLAND, et al.,
Defendants.

Civil Action No. AW–04–3044.

United States District Court,
D. Maryland,
Southern Division.

April 2, 2008.

Gregory L. Lattimer, Law Offices of Gregory L. Lattimer PLLC, Ted Justice Williams, Law Offices of Ted J. Williams, Patrick A. Malone, Patrick A. Malone and Associates PC, Terrell N. Roberts, III, Roberts and Wood, Riverdale, MD, for Plaintiffs.

Jay H. Creech, Office of Law for Prince Georges County, Upper Marlboro, MD, for Defendants.

## MEMORANDUM OPINION

ALEXANDER WILLIAMS, JR.,
District Judge.

This case has traveled a complex and winding maze through several state and federal court jurisdictions, as well as taking the respective appeals process, beginning in 2000 in the United States District Court for the District of Columbia, spending some time in the Maryland state courts, and finally ending here in this

Court. Since that time, the case has matured, and the issues have narrowed significantly. Currently pending before this Court is Defendant Corporal Carlton B. Jones' Second Motion for Summary Judgment (Docket No. 182). The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motion and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.2008). For the reasons stated more fully below, the Court will GRANT Defendant's Second Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involved the untimely death of Plaintiff's son, Prince Carmen Jones, Jr., ("Prince Jones, Jr." or "decedent") on September 1, 2000. The incidents which gave rise to Prince Jones, Jr.'s death began with police surveillance of him in Maryland and concluded in Virginia, where he was shot and killed by Defendant Jones, a member of the Prince George's County Police Department. The details of this case need not be repeated here, as the events leading up to the decedent's death are thoroughly summarized in this Court's Memorandum Opinion, dated April 28, 2005 (Docket No. 135).[1]

Plaintiff, as personal representative of the decedent, brought several claims against Defendants: a Maryland Survival Act claim, Md.Code Ann., Est. & Trusts, § 7–401(y), (Count I); a Virginia Wrongful Death claim, Va.Code Ann. § 8.01–50,

(Count II); an Excessive Force/Police Brutality claim (Count III); Assault and Battery (County IV); Deprivation of Civil Rights under 42 U.S.C. § 1983 (Count V); Negligent Training and Supervision (Count VI); and Intentional/Negligent Infliction of Emotional Distress (Count VII). In an earlier ruling, the Court granted summary judgment to Defendants Prince George's County, Sergeant Alexandre Bailey, and Chief of Police John S. Farrell on Plaintiff's state and federal law claims, but denied summary judgment as to Defendant Carlton Jones. *See* Memorandum Opinion, April 28, 2005 (Docket No. 135).

During the pendency of this case and the numerous appeals, a settlement agreement was reached between Prince Jones, Sr., the decedent's father, and Ms. Candace Jackson, as next friend on behalf of Nina Jones, the decedent's daughter: Mr. Jones was to receive $200,000.00, and Ms. Jackson was to receive $2,300,000.00 on behalf of Nina.[2] On January 20, 2006, Plaintiff eventually dismissed Count II of her complaint, which alleged a cause of action under the Virginia Wrongful Death Act, as Nina, and not Plaintiff, was the sole beneficiary who was entitled to recover under the Virginia Wrongful Death Act. *See* Docket Nos. 160 and 161.[3]

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, summary judgment is appropriate only if there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.

---

**1.** *See also Jones v. Prince George's County,* 378 Md. 98, 835 A.2d 632 (2003) (*"Jones I"*) and *Jones et al. v. Jones et al.,* 172 Md.App. 429, 915 A.2d 471 (Md.App.2007) (*"Jones II"*)— the related state court actions.

**2.** This settlement agreement was approved by the Circuit Court for Prince George's County on September 27, 2006.

**3.** It was held in *Jones II* that since the wrongful act which led to the death of Prince Jones, Jr. was in Virginia, the substantive law of Virginia applied to the wrongful death claim, and as a result, the parent of an adult child decedent is not a permissible beneficiary in a wrongful death action if the adult child decedent is survived by a minor child. *See* Va. Code Ann., § 8.01–53; *see also Jones II,* 915 A.2d at 477.

Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When ruling on a motion for summary judgment, the court must view the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party discharges its burden by showing an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. When faced with a motion for summary judgment, Rule 56(e) requires the non-moving party "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affidavits, deposition testimony, or answers to interrogatories. *Id.* at 324, 106 S.Ct. 2548; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330–31 (4th Cir.1998); *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985).

## ANALYSIS

■ Maryland choice of law principles and the rules of *lex loci delicti* govern this case since the wrongful act—the shooting death of Prince Jones, Jr.—occurred in Virginia. *Cooper v. Berkshire Life Ins. Co.,* 148 Md.App. 41, 54, 810 A.2d 1045, 1052 (Md.App.2002). *Lex loci delicti* dictates that "when an accident occurs in another state[,] substantive rights of the parties, even though they are domiciled in Maryland, are to be determined by the law of the state in which the alleged tort took place." *Id.* (citing *Philip Morris Inc. v. Angeletti,* 358 Md. 689, 744–46, 752 A.2d 200, 230–31 (2000)); *see also White v. King,* 244 Md. 348, 352, 223 A.2d 763, 765 (1966) (same). The Court of Appeals of Maryland has stated explicitly that, as a general rule, "the place of the tort is considered to be the place of the injury." *Ben–Joseph v. Mt. Airy Auto Transporters, LLC,* 529 F.Supp.2d 604, 608 (D.Md. 2008) (citing *Angeletti,* 358 Md. 689, 745, 752 A.2d 200, 231 (2000)); *see also Sacra v. Sacra,* 48 Md.App. 163, 426 A.2d 7, 10 (Md.App.1981) (holding that in a wrongful death and survival action where accident occurred in Delaware but where victims were propelled across state line in Maryland and eventually died, the substantive law of Delaware, and not Maryland, was applicable).[4]

Plaintiff's Virginia Wrongful Death claim, Count II of the complaint, has been fully adjudicated and resolved, and, as a result of the settlement agreement, Plaintiff voluntarily dismissed that claim. The question now remaining before the Court is whether Plaintiff, as personal representative of Prince Jones, Jr., can maintain a Maryland Survival Act claim when the wrongful act which led to the death of decedent occurred in Virginia, considering that there has already been a recovery under the Virginia Wrongful Death Act.

While the Maryland Wrongful Death statute specifically dictates the choice of law to be used in these circumstances, the law is silent for claims brought under the Survival Statute. However, since Maryland adheres to the *lex loci delicti* rule in applying choice of law for actions sounding in tort, the Court will look to the substantive law of Virginia. *Cooper,* 148 Md.App. at 54, 810 A.2d at 1052.

---

**4.** Maryland's Wrongful Death Act provides that "[i]f the wrongful act occurred in another state, ..., a Maryland court shall apply the substantive law of that jurisdiction." Md. Code Ann., Cts. & Jud. Proc. § 3–903(a) (2008).

Defendant, in moving for summary judgment, argues that under Virginia law, the personal representative is barred from pursuing a separate recovery under a Survival Act theory where there has already been a recovery in favor of the appropriate, statutory beneficiary under the Wrongful Death Act. Virginia law, according to Defendant, only allows one recovery of the same injury, under either the Survival statute or the Wrongful Death statute. Defendant maintains that since there has already been a recovery under the wrongful death statute, there can be no additional recovery for the same injury under the survival statute.

Plaintiff, on the other hand, argues that the personal representative of the estate of Prince Jones, Jr., can bring any claim that the decedent may have brought under the Maryland Survival Act, had he in fact survived.[5] The death of Plaintiff's son gave rise to two separate and distinct claims, one under the Virginia Wrongful Death Act and the Maryland Survival Act, as they serve different purposes and accomplish entirely different results.

It is well-settled law in Maryland (and Virginia) that a cause of action at the time of death survives the death of a person.[6] Additionally, in Maryland, a party can assert both a survival claim and a wrongful death claim when a person dies as a re-sult of another's tortious conduct, as these are two separate and distinct causes of action. *Benjamin v. Union Carbide Corp.*, 162 Md.App. 173, 202, 873 A.2d 463, 480 (2005).[7] In a survival action, the cause of action arises from the injuries sustained by the victim and is commenced by the personal representative of the deceased, seeking damages for the injuries suffered by the victim and prosecuted as if the victim were still alive. *Id.* (citing *Globe Amer. Casualty Co. v. Chung*, 76 Md.App. 524, 526–27, 547 A.2d 654 (1988), *vacated on other grounds*, 322 Md. 713, 589 A.2d 956 (1991)). In contrast, a wrongful death action is brought by the relatives of the decedent, seeking recovery for their loss as a result of the victim's death. *Id.* Furthermore, the death of the victim is irrelevant in a survival action, because a wrongful death action, as the name implies, results from the death, and not the injury, of the victim. *Id.* In other words, a survival action is for the benefit of the person injured or his estate, while the wrongful death action inures to the benefit of the designated statutory beneficiaries.

While Maryland recognizes two separate and distinct causes of action, Virginia does not. Virginia, like Maryland, does recognize a survival action for injuries sustained by the victim.[8] However,

---

**5.** Plaintiff brought an action under the Maryland Survival Act because Plaintiff was domiciled in Maryland at the time of Prince Jones, Jr.'s death.

**6.** Except for slander actions (or an appeal of such ruling), under Maryland law, a cause of action at law, whether real, personal, or mixed, survives the death of either party. Md.Code Ann., Cts. & Jud. Proc. § 6–401(a) (2008); *see also* Virginia's Survival Statute, Va.Code Ann., § 8.01–25.

**7.** Maryland law provides that the personal representative of an estate "may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted...." Md.Code Ann., Est & Trusts § 7–401(y) (2008); *see also Stewart v. United Electric Light & Power Co.*, 104 Md. 332, 65 A. 49 (1906).

**8.** Virginia's Survival Statute states in part that "[e]very cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive either the death of the person against whom the cause of action is or may be asserted, or the death of the person in whose favor the cause

unlike Maryland, a survival action brought in Virginia is converted to a wrongful death action if the person dies from that injury or the wrongful act. The Virginia Survival statute provides, in part, that:

[I]f the cause of action asserted by the decedent in his lifetime was for a personal injury and such decedent dies as a result of the injury complained of with a timely action for damages arising from such injury pending, the action shall be amended in accordance with the provisions of § 8.01–56 [the Wrongful Death Statute].

Va.Code Ann., § 8.01–25. Moreover, Virginia courts have held that "if a decedent's death is due to the same injury which is the subject of a pending personal injury action, the pending action is converted to one for wrongful death." *Wright v. Eli Lilly & Co.*, No. 03–2891, 2004 WL 2157420, at *7 (Va.Cir.Ct. Sept. 21, 2004); *see also El–Meswari v. Washington Gas & Light Co.*, 785 F.2d 483, 490 (4th Cir.1986) (holding "that § 8.01–25 defers to the wrongful death statute as the exclusive statement of grievances Virginia will recognize when a tort victim dies of her injuries"). Essentially, a cause of action survives the death of a person, whether or not it is related to the death, but if it is related, it then becomes a wrongful death claim; if it is not related, then, the action is one that survives. *Wright*, 2004 WL 2157420 at *5.

One of Virginia's Wrongful Death Statute states, in relevant part:

[T]he right of action under § 8.01–50 [9] shall not determine, nor the action, when brought, abate by the death, dissolution, or other termination of a defendant; and when a person who has brought an action for personal injury dies pending the action, such action may be revived in the name of his personal representative. If death resulted from the injury for which the action was originally brought, a motion for judgment and other pleadings shall be amended so as to conform to an action under § 8.01–50, and the case proceeded with as if the action had been brought under such section. *In such cases, however, there shall be but one recovery for the same injury.* (emphasis added).

Va.Code Ann., § 8.01–56. Virginia courts are clear, as the statutes explicitly mandates, that "a person may not recover for the same injury under the survival statute and the wrongful death statute," but that there can be only one recovery for the same injury. *Hendrix v. Daugherty*, 249 Va. 540, 457 S.E.2d 71, 75 (1995) (stating that "the plain language of §§ 8.01–25 and –56 unequivocally mandates" that there can only be one recovery for the same injury under the survival statute and the wrongful death statute). The court in *Wright* also confirmed this ruling when it held that "in Virginia today, there can be only one recovery for an injury that causes

of action existed, or the death of both such persons...." Va.Code Ann., § 8.01–25.

9. Virginia's Wrongful Death Statute, Va.Code. Ann., § 8.01–50, states in relevant part:

A. Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, ..., and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action, ..., the person who, or corporation ...

which, would have been liable, if death had not ensued, shall be liable to an action for damages, ..., notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to a felony.

B. Every such action under this section shall be brought by and in the name of the personal representative of such deceased person within the time limits specified in § 8.01–244.

death, and that recovery belongs to the decedent's next of kin as specified in the wrongful death statute." *Wright,* 2004 WL 2157420 at *8. Furthermore, the Fourth Circuit has even noted that Virginia's Wrongful Death statute does not create a new "cause of action" but only a "right of action" in the personal representative to enforce the decedent's claim for any "personal injury" that caused death. *Miller v. U.S.,* 932 F.2d 301, 303 (4th Cir.1991).

Considering the above discussion, it is clear to the Court that Virginia substantive law applies to the Maryland Survival Action—Count I of the complaint—and the Court will look there to determine whether Plaintiff may recover under Maryland's Survival statute. The Court finds that while Plaintiff may plead a Maryland Survival Action claim, she may not recover damages for this claim under Virginia law. As stated earlier, since there has already been a recovery under the Virginia Wrongful Death Act in favor of the statutory beneficiary—Nina Jones—there cannot be an additional recovery under the Survival Act to Plaintiff.[10] Virginia law simply does not permit such an additional recovery. *See* Va.Code Ann., § 8.01–56.

There is however the possibility that the *lex loci delecti* rule may be reconsidered if there is an overriding issue of the forum's public policy at stake, such that the policy of the forum state would suggest applying the forum state's law instead of the law of the place of the wrong. *Black v. Leatherwood Motor Coach Corp.,* 92 Md.App. 27, 43, 606 A.2d 295, 303 (Md.App.1992). For example, Plaintiff cites *Powell v. Erb,* 349 Md. 791, 709 A.2d 1294 (1998), and *Hauch v. Connor,* 295 Md. 120, 453 A.2d 1207 (1983), for the proposition that Plaintiff should prevail on her claim under Maryland law because Maryland recognizes an additional survival action claim even though one is not cognizable under Virginia law. As Defendant has correctly noted, these cases are inapplicable and dispositive of the survival action inquiry because both of these cases addressed conflicts in workmen's compensation laws of different states and whether an employee could recover in Maryland even though the place of the accident occurred in another state that did not permit recovery. Both accidents involved in those cases were outside of Maryland. In *Hauch,* the court allowed an employee, who was injured in an accident while working for his employer, to bring to a personal injury action in Maryland courts under their workman's compensation law, even though the accident took place in Delaware, and where Delaware barred the employee's right of recovery. *Powell* involved a wrongful death action of the family of the decedent who was killed in a plane crash where the plane was owned by his employer. There, the court certified a question from the United States District Court of Maryland holding that when there is a conflict between the

---

**10.** The Virginia Wrongful Death Statute determines who has the legal, substantive right to recover damages for the wrongful death of a decedent. The statute makes clear that because Prince Jones, Jr. had a surviving minor child, neither of his parents could recover damages for his wrongful death. *See Jones II,* 915 A.2d at 479; *see also* Va.Code Ann., 8.01–53 ("[D]amages awarded pursuant to § 8.01–52 shall be distributed ... to (i) the surviving spouse, children of the deceased and children of any deceased child of the deceased or (ii) *if there be none such,* then to the parents, broth-

ers and sisters of the deceased ...."). (emphasis added).

Moreover, in Virginia, the wrongful death action vests the *right of action* in the decedent's personal representative, but the *cause of action* belongs to the statutory beneficiaries (as set forth in Va.Code. Ann., § 8.01–53) and not to the personal representative, thus making the personal representative merely a "surrogate for the decedent's beneficiaries." *See Kone v. Wilson,* 272 Va. 59, 62, 630 S.E.2d 744, 746 (2006).

workers' compensation laws of two states, the Wrongful Death Statute is not dispositive of the issue of choice of law.

The courts noted in both of those cases that the overwhelming policy considerations and the greater interest of Maryland's workmen's compensation laws allowed the actions to proceed. Moreover, the court agreed with other courts that stressed the importance of the "distinct policy questions" that were involved with workman's compensation and how those "should not be treated as tort or contract matters for choice of law purposes." *Hauch*, 453 A.2d at 1211.

■ Here, where the law of Maryland allows recovery under a survival action and the law of Virginia does not, the law of the place of the wrong prevails in the absence of an overriding public policy. Plaintiff bears a "heavy burden" in requesting that a court reject application of foreign law on public policy grounds. *Harford Mutual Ins. Co. v. Bruchey*, 248 Md. 669, 674–75, 238 A.2d 115, 117–18 (1968) (holding that there was no strong public policy of the forum state (Maryland) in overriding Virginia law, as the law of the place of accident, even though it was contrary to the law of the forum state in denying husband's action for loss of consortium because Virginia did not recognize that cause of action). Since the Court is unaware of any strong policy to reject Virginia law

and since Plaintiff has not directed the Court to any such policy, Plaintiff is unable to recover under her survival action claim.

The Court does, however, agree with Plaintiff that the previous rulings in the case did not resolve any of the issues that Prince Jones, Jr., could have himself brought. Considering that this case is governed by Virginia law, any additional personal injury claims that he would have been able to assert on his own behalf had he survived would have been converted to a wrongful death action for the benefit of his minor daughter and not for his personal estate. *See Kone*, 630 S.E.2d at 746. If this incident had taken place in Maryland, then Maryland law would apply, and Plaintiff would be afforded two recoveries. However, as this case is governed by Virginia law, and, as Defendants have argued, since there has been a recovery, Plaintiff is barred from any recovery as there can be only one recovery for damages under the law of Virginia for the same injury.[11]

**CONCLUSION**

Thus, Plaintiff's extended foray into the intricate maze of the judicial system is drawing to a close. Because this incident occurred in Virginia, Plaintiff's remaining survival action claims are governed by Virginia law. As such, survival action claims under Virginia law convert to wrongful

---

11. There are some Virginia cases that have allowed both a survival action claim and a wrongful death claim to proceed to trial. In *McGuin, et al. v. Mount Vernon Nursing Center Assoc., L.P.,* 1998 WL 972115, 44 Va. Cir. 453 (1998), the court there allowed the plaintiffs to proceed under both a wrongful death action and a negligence survival action, before having to elect one theory of recovery, because the plaintiffs had alleged the requisite facts to support either theory. *See also Tucker v. Ware*, 1988 WL 619156, 10 Va. Cir. 454, 457 (1988) (same). Additionally, the court in *Tucker* explained that allowing the plaintiff to abandon either theory before the presentation

of evidence would be "inappropriate." *Tucker*, 1988 WL 619156, at \*2. Both courts additionally noted that the plaintiffs may only "recover upon one theory alone" and allowed the cases to proceed to trial so that the trier of fact could resolve the conflict as the cause of death. *Id.; see also McGuin*, 1998 WL 972115, at \*2. Here, because there is no dispute as to the cause of death and because there is no need for an election of which theory—survival or wrongful death—to proceed in this case, as it was in *McGuin* and *Tucker*, a separate theory of liability cannot be plead as there was only one remaining survival action claim here.

death actions upon the death of the injured victim. Additionally, Virginia's wrongful death statute, and the body of case law surrounding it, explicitly and unequivocally establish that there can *only be one recovery for the same injury.* Recovery under the statute has already been made to Nina Jones, Prince Jones, Jr.'s daughter and the statutory beneficiary under Virginia law, to the exclusion of Plaintiff.

Therefore, Plaintiff may not recover under her Maryland survival action, and the Court will GRANT Defendant's Second Motion for Summary Judgment to all remaining claims. An Order consistent with this Memorandum Opinion will follow.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, IT IS this **2nd day of April, 2008** by the United States District Court for the District of Maryland, hereby **ORDERED:**

1. That Defendant Carlton Jones' Second Motion for Summary Judgment (Docket No. 182), BE and the same hereby IS, **GRANTED;**

2. That Plaintiff's Motion for Status Hearing (Docket No. 185) BE, and the same hereby IS, **DENIED–AS–MOOT;**

3. That the Clerk of the Court **CLOSE** this case; AND

4. That the Clerk of the Court transmit a copy of this Memorandum Opinion and Order to all parties of record.